The PEOPLE of the State of
Colorado, Complainant,

v.

George M. BOLLINGER,
Attorney-Respondent.

No. 82SA79.

Supreme Court of Colorado,
En Banc.

April 5, 1982.

Philip A. Harley, Deputy Disciplinary Prosecutor, Denver, for complainant.

Laurence A. Ardell, Pueblo, for attorney-respondent.

DUBOFSKY, Justice.

Mr. Bollinger, you were the respondent in a complaint filed against you with the Grievance Committee of this Court. You, your attorney, and the disciplinary prosecutor signed a Stipulation, Agreement and Offer to Accept Public Censure which has been submitted to us by the Grievance Committee; we accept the stipulation and publicly censure you.

The stipulation which you signed detailed the numerous investments and financial arrangements which gave rise to the grievance filed against you. They are briefly summarized as follows.

In 1972, you began practicing law in Pueblo with several other attorneys. You and your partners determined to make a number of financial investments, and the acquisition and management of investments were assigned to you. Each of the partners was given the opportunity to participate on an equal basis in the investments but was not required to do so. During 1979 and 1980, a dispute arose between you and two of the other attorneys about the various investments, and on April 23, 1980, you left the law firm.

Your actions which became the subjects of this grievance were in connection with Anyway Moving & Storage, Inc. and three limited partnerships which invested in real estate. Between November, 1978 and February, 1980, you transferred funds from one of the limited partnerships to yourself without specific authorization from the other partners. Some of the transfers were for the benefit of other limited partnerships and some were for your personal use. You did not attempt to conceal the withdrawals from your partners, and on other occasions, you advanced money to this limited partnership from your personal funds. Because of withdrawals you made in February, 1980 from another of the limited partnerships, a check representing one of your partners' share of a real estate sale was dishonored by the bank. In April, 1979, you agreed to

secure a loan from the First National Bank of Pueblo with your partnership interest in a third limited partnership. One of your partners refused to give his consent to the assignment of your one-half interest in the partnership, so you affixed a rubber stamp facsimile of the partner's signature on a document consenting to the assignment. The bank recorded the deed of trust without the knowledge or consent of your partner. The disputes arising from the limited partnership investments have been settled.

The trust account of your former law firm was the depository for both client funds and funds of the various investments which you managed. Each account within the trust fund had a number and a separate ledger. During 1978, you withdrew funds from two individual trust accounts when there were no funds on deposit in the accounts. One of the accounts, that of Anyway Moving & Storage, Inc., remained overdrawn by $13,000 for a year. Nevertheless, at all times the law firm maintained a sufficient balance in the firm's trust account to avoid harm to any individual client.

You stipulated that your conduct violates C.R.C.P. 241(B), DR1–102(A)(4) forbidding deceit or misrepresentation, and DR9–102(A) prohibiting the commingling of clients' funds with attorneys' funds. When the stipulation was presented to the hearing committee, two character witnesses testified in your behalf. In addition, you explained that all funds you had withdrawn improperly had been repaid; that you used over $100,000 in your own funds to acquire and preserve limited partnership assets over a one-and-a-half year period, that the shortage in one of the client's trust accounts occurred because you mistakenly, but in good faith, believed that the client had deposited sufficient funds in the account to cover the withdrawals, and that you regret your wrongful acts. You have received no prior discipline under C.R.C.P. 241.

The hearing committee and panel B of the Grievance Committee forwarded to us the stipulation, including your offer to accept as discipline a public censure. As one

of the terms of the stipulation, you agreed to pay the costs incurred by the Grievance Committee in this matter. We accept the stipulation. You, therefore, are censured publicly, Mr. Bollinger, and it is ordered that you pay the costs of this proceeding in the amount of $191.36 to the Clerk of the Court within thirty days.

ERICKSON, J., does not participate.