The PEOPLE of the State of Colorado, Complainant,

v.

George M. BOLLINGER, Respondent.

No. 84SA131.

Supreme Court of Colorado, En Banc.

June 4, 1984.

---

Linda Donnelly, Disciplinary Prosecutor, George S. Meyer, Deputy Disciplinary Prosecutor, Denver, for complainant.

George M. Bollinger, pro se.

QUINN, Justice, administered the Public Censure on behalf of the Court.

George M. Bollinger, you appear before this court to receive a public censure for your professional misconduct. In a disciplinary proceeding before the Grievance Committee you and the disciplinary prosecutor executed a stipulation in which you waived your right to a formal evidentiary hearing and admitted the essential facts underlying this proceeding. A hearing panel of the Grievance Committee accepted the stipulation and recommended a public censure. We also accept the stipulation and now impose a public censure.

In early 1981, Elaine and Richard Niederstadt and some of their relatives entered into a contract to purchase real property from your client, Anita Betts. The Niederstadts, their relatives, and Mrs. Betts met at your office on February 17, 1981, and signed a receipt and option contract for $65,000. On that occasion the Niederstadts tendered to you a $30,000 cashier's check and asked whether they, as purchasers, should retain their own attorney. According to the Niederstadts' version of this meeting, your response was that, because they were paying one-half of all the closing costs up to $500, you would represent their interests as well as those of your client, Mrs. Betts. The $500, according to the Niederstadts, was to include payment of one-half of your attorney fees.

Your recollection of the initial meeting at your office, according to the stipulation, was that you advised the Niederstadts that you were representing Mrs. Betts in this transaction, that they had the right to be represented by an attorney, and that you would provide them a title commitment on the property. It was your contention, as evidenced in the stipulation, that the Niederstadts agreed to pay a portion of the closing costs as a price concession made during purchase negotiations and not because you agreed to act as their attorney. The stipulation further recites that Mrs. Betts would testify that she reduced the purchase price of the property because she would not have to pay a real estate commission on the sale and that, in view of the reduced purchase price and her owing considerable attorney fees in other litigation, she desired the Niederstadts to pay one-half the attorney fees, not to exceed $500, incurred for your services in this matter.

You provided the Niederstadts with a title commitment, issued by Transamerica Title Insurance Company, that required the release by Mrs. Betts of two deeds of trust held by American Finance Corporation and Associates Financial Services Company of Colorado, Inc. Because these deeds of trust secured outstanding promissory notes, you told the Niederstadts that the deeds of trust would be released upon payment of the promissory notes at closing, at which time a title policy and a recorded warranty deed would be delivered to them. At the closing on May 15, 1981, the Niederstadts tendered to you $35,000, the balance

of the purchase price, which was to be placed in your trust account until the release of the deeds of trust and the delivery of the warranty deed to them. The Niederstadts at this time also paid to you $500 as closing costs which included, according to their interpretation of your representations, one-half of your attorney fees.

Subsequent to the closing a dispute arose between Mrs. Betts and Associates Financial Services, the holder of one of the deeds of trust, over the amount due and owing on the outstanding promissory note. You attempted to settle this dispute for a period of several months. When Mrs. Betts refused to authorize you to file suit against Associates Financial Services, you advised her to stop making the monthly payments on the promissory notes. Mrs. Betts followed your advice and, as a result, a foreclosure action was commenced by Associates Financial Services on March 25, 1982.

At no time did you inform the Niederstadts that there was a dispute between Mrs. Betts and Associates Financial Services over the deed of trust, that Mrs. Betts decided to stop payment on the promissory note, or that a foreclosure action could be commenced as a result of her failure to pay. Moreover, during the ten months following the closing date, you never informed the Niederstadts that the provisions of the title commitment delivered to them had not been satisfied.

The Niederstadts, assuming they had clear title, commenced the construction of a house on the property. In March 1982, however, they received notice of the foreclosure action and retained an attorney to protect their interest in the property. The foreclosure proceeding was settled in April 1982, resulting in the release of the deed of trust held by Associates Financial Services and the delivery of clear title to the Niederstadts. Legal fees of $607.80 were incurred by the Niederstadts as a result of the foreclosure proceeding.

You admitted that, because of your representation to the Niederstadts that you would take all necessary steps to clear title for them, you had a duty to keep them informed of the dispute between Mrs. Betts and Associates Financial Services. You also admitted that your failure to adequately communicate with the Niederstadts resulted in additional attorney fees to them in the amount of $607.80. Based on your admission to these matters, you conceded that your conduct adversely reflected on your fitness to practice law in violation of DR1–102(A)(6) and that you neglected a legal matter entrusted to you in violation of DR6–101(A)(3). *See also* C.R.C.P. 241.6. Although the stipulation also includes a lengthy recitation of facts offered in mitigation, these facts are essentially an attempt to refute any implication that you might have misappropriated the Niederstadts' funds during the period between the closing date and the termination of the subsequent dispute over the deed of trust.

George M. Bollinger, we conclude that your conduct is a clear violation of Disciplinary Rules 1–102(A)(6) and 6–101(A)(3) of the Code of Professional Responsibility. Your statements to the Niederstadts, if not outrightly misleading, were clearly calculated to induce in them a belief that you would protect their legal interests in this transaction despite your simultaneous representation of differing interests on behalf of Mrs. Betts. In addition, although the Niederstadts paid you for your legal services, you totally disregarded their legal interests in this matter. Such misconduct causes public disdain and disrespect for the legal profession. We note that you were publicly censured by this court on April 5, 1982. Although you are no longer practicing law in this state, your conduct in this matter warrants no less than the sanction herein imposed. This public censure will remain on file with this court for further consideration should you at any time in the future violate the Code of Professional Responsibility.

You are ordered to pay $607.80 to the Niederstadts' attorney within six months and, also, $176.07 in costs to the Supreme Court Grievance Committee, 190 East Ninth Avenue, Suite 440, Denver, Colorado, 80203, within thirty days of this date.