**The PEOPLE of the State of Colorado, Complainant,**

v.

**George Milton BOLLINGER, Attorney–Respondent.**

**No. 93SA212.**

Supreme Court of Colorado, En Banc.

Oct. 18, 1993.

Linda Donnelly, Disciplinary Counsel, Denver, for complainant.

George Milton Bollinger, pro se.

PER CURIAM.

In this attorney discipline case, the respondent[1] and the disciplinary counsel entered into a stipulation, agreement, and conditional admission of misconduct. *See* C.R.C.P. 241.18. An inquiry panel of the Supreme Court Grievance Committee accepted the stipulation and agreement and recommended that the respondent be disbarred, that he be required to demonstrate that he has made restitution prior to readmission, and that he be assessed the costs of the proceedings. We accept the stipulation and agreement, and the recommendation of the inquiry panel.

## I

The stipulation, agreement, and conditional admission of misconduct disclose that on November 23, 1992, the respondent pleaded guilty in the United States District Court for the District of New Mexico to committing mail fraud, a felony, contrary to 18 U.S.C. § 1341. He was sentenced to imprisonment for twelve months and one day. The respondent embezzled approximately $143,000 of investor funds and has not made restitution. Mail fraud is a serious crime as defined by C.R.C.P. 241.16(e).

The respondent's conduct violated C.R.C.P. 241.6(5) (any act or omission violating the criminal laws of a state or of the United States constitutes ground for lawyer discipline), and DR 1–102(A)(4) (a lawyer shall not engage in conduct involving

---

1. The respondent was admitted to the bar of this court on September 27, 1964, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court and its grievance committee. C.R.C.P. 241.1(b). He was suspended from the practice of law in Colorado on April 13, 1993. The respondent was also suspended for nonpayment of attorney registration fees in 1991.

dishonesty, fraud, deceit, or misrepresentation). Because the respondent did not report his mail fraud conviction to the disciplinary counsel, he also violated C.R.C.P. 241.16(b).

## II

The inquiry panel accepted the stipulation and recommended that the respondent be disbarred. Under the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986 & Supp.1992) (ABA *Standards*), in the absence of mitigating factors, disbarment is generally warranted when:

> (a) a lawyer engages in serious criminal conduct, a necessary element of which includes intentional interference with the administration of justice, false swearing, misrepresentation, fraud, extortion, misappropriation, or theft; ... or

> (b) a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice.

ABA *Standards* 5.11. In aggravation, the respondent has a prior disciplinary record. *See People v. Bollinger*, 681 P.2d 950 (Colo.1984) (the respondent was publicly censured for making statements calculated to induce purchasers of real estate to believe that he would protect their legal interests despite his simultaneous representation of seller); *People v. Bollinger*, 648 P.2d 620 (Colo.1982) (respondent publicly censured for violating disciplinary rules forbidding deceit or misrepresentation and prohibiting commingling of client and attorney funds). We have found disbarment appropriate in cases involving conviction of comparably serious crimes. *E.g., People v. Terborg*, 848 P.2d 346 (Colo.1993) (attorney disbarred after conviction for bank fraud); *People v. Brown*, 841 P.2d 1066 (Colo.1992) (conviction for bankruptcy fraud warrants disbarment); *People v. Schwartz*, 814 P.2d 793 (Colo.1991) (same). Accordingly, we accept the stipulation, agreement, and conditional admission of misconduct, and the recommendation of the inquiry panel.

## III

It is hereby ordered that George Milton Bollinger be disbarred and that his name be stricken from the list of attorneys authorized to practice before this court, effective immediately upon the issuance of this opinion. It is further ordered that, prior to readmission, Bollinger pay the costs of this proceeding in the amount of $110.07 to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Dominion Plaza, Denver, Colorado 80202. It is further ordered that, prior to readmission, Bollinger demonstrate that he has made complete restitution to the victims of the mail fraud.