**The PEOPLE of the State of Colorado, Complainant,**

v.

**David SCHWARTZ, Attorney–Respondent.**

**No. 91SA167.**

Supreme Court of Colorado, En Banc.

June 3, 1991.

Linda Donnelly, Disciplinary Counsel, Jay P.K. Kenney, Asst. Disciplinary Counsel, Denver, for complainant.

Lee D. Foreman, Denver, for atty.-respondent.

PER CURIAM.

In this attorney discipline case, the respondent and the assistant disciplinary counsel entered into a stipulation, agreement, and conditional admission of misconduct. *See* C.R.C.P. 241.18. An inquiry panel of the grievance committee unanimously accepted the stipulation and agreement and recommended that the respondent be disbarred and be assessed the costs of the proceedings. We accept the stipulation and agreement, and the recommendation of the inquiry panel, and order that the respondent be disbarred and pay the costs of these proceedings.

## I

The respondent was admitted to the bar of this court on October 21, 1976, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court. C.R.C.P. 241.1(b). The stipulation, agreement, and conditional admission of misconduct disclose that on September 28, 1990, the respondent pleaded guilty in federal district court to violation of 18 U.S.C. § 372 (1988) (conspiracy to commit bankruptcy fraud and other federal offenses), and bankruptcy fraud, contrary to 18 U.S.C. § 152 (1988). Both offenses are felonies under federal law, *see* 18 U.S.C. § 3559(1)(a) (1988), and are serious crimes as defined by C.R.C.P. 241.16(e)(1) & (2). The respondent was sentenced to thirty-eight months imprisonment on each count, to be served concurrently, and was ordered to pay $100,614.91 in restitution.

The respondent has admitted, and we agree, that his conduct violated C.R.C.P. 241.6(5) (any act or omission violating the criminal laws of a state or of the United States constitutes ground for lawyer discipline); and DR 1–102(A)(1) (a lawyer shall not violate a disciplinary rule). The inquiry panel has recommended that the respondent be disbarred for his misconduct, and the respondent has consented to disbarment. Under the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986) (*ABA Standards*), in the absence of aggravating or mitigating factors, disbarment is generally warranted when:

(a) a lawyer engages in serious criminal conduct, a necessary element of which includes intentional interference with the administration of justice, false swearing, misrepresentation, fraud, extortion, misappropriation, or theft; ... or an attempt or conspiracy or solicitation of another to commit any of these offenses; or

(b) a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice.

*ABA Standards* 5.11. The only mitigating factor present is that the respondent has no prior disciplinary record. This lone factor is insufficient under the circumstances to call for a sanction less than disbarment. Accordingly, we will accept the stipulation, agreement, and conditional admission of misconduct, and the recommendation of the inquiry panel.

## II

It is hereby ordered that David Schwartz be disbarred and that his name be stricken from the list of attorneys authorized to practice before this court, effective immedi-

ately upon the issuance of this opinion. It is further ordered that Schwartz pay the costs of this proceeding in the amount of $49.78 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Dominion Plaza, Denver, Colorado 80202.

MULLARKEY, J., did not participate.