### The PEOPLE of the State of Colorado, Complainant,

v.

### Tommy M. BROWN, Attorney–Respondent.

### No. 92SA438.

Supreme Court of Colorado,
En Banc.

Dec. 14, 1992.

---

Linda Donnelly, Disciplinary Counsel, John S. Gleason, Asst. Disciplinary Counsel, Denver, for complainant.

Tommy M. Brown, pro se.

PER CURIAM.

In this attorney discipline case, the respondent and the assistant disciplinary counsel entered into a stipulation, agreement, and conditional admission of misconduct. *See* C.R.C.P. 241.18. An inquiry panel of the grievance committee unanimously accepted the stipulation and agreement and recommended that the respondent be disbarred and be assessed the costs of the proceedings. We accept the stipulation and agreement, and the recommendation of the inquiry panel, and order that the respondent be disbarred and pay the costs of these proceedings.

I

The respondent was admitted to the bar of this court on March 4, 1984, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court and its grievance committee. C.R.C.P. 241.1(b). The stipulation, agreement, and conditional admission of misconduct disclose that on June 22, 1990, the respondent was convicted in federal district court of conspiracy to defraud in violation of 18 U.S.C. § 371, mail fraud in violation of 18 U.S.C. §§ 2 and 1341, and two counts of bankruptcy fraud under 18 U.S.C. §§ 2 and 152. These convictions were reversed on September 3, 1991, because of trial error. *See United States v. Brown*, 943 F.2d 1246 (10th Cir.1991). Subsequently, the respondent pleaded guilty in federal district court to bankruptcy fraud, contrary to 18 U.S.C. §§ 2 and 152. Bankruptcy fraud is a serious crime as defined by C.R.C.P. 241.-16(e)(2). *People v. Schwartz*, 814 P.2d 793, 794 (Colo.1991) (convictions for bankruptcy fraud and conspiracy to commit bankruptcy fraud are convictions for serious crimes under C.R.C.P. 241.16(e), and warrant disbarment). The respondent's conduct violated C.R.C.P. 241.6(5) (any act or omission violating the criminal laws of a state or of the United States constitutes ground for lawyer discipline).

The inquiry panel recommended that the respondent be disbarred for his misconduct, and the respondent has consented to disbarment. Under the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986 & Supp.1992) (ABA *Standards*), in the absence of aggravating or mitigating factors, disbarment is generally warranted when:

(a) a lawyer engages in serious criminal conduct, a necessary element of which includes intentional interference with the administration of justice, false swearing, misrepresentation, fraud, extortion, misappropriation, or theft; ... or

(b) a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice.

ABA *Standards* 5.11. The only mitigating factor is that the respondent has no prior disciplinary record. As in *Schwartz*, 814 P.2d at 794, this factor by itself is insufficient under the circumstances to call for a sanction less than disbarment. Accordingly, we accept the stipulation, agreement, and conditional admission of misconduct, and the recommendation of the inquiry panel.

II

It is hereby ordered that Tommy M. Brown be disbarred and that his name be stricken from the list of attorneys authorized to practice before this court, effective immediately upon the issuance of this opinion. It is further ordered that Brown pay the costs of this proceeding in the amount of $48.49 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500-S, Dominion Plaza, Denver, Colorado 80202.