The PEOPLE of the State of
Colorado, Complainant,

v.

John L. TERBORG, Attorney–
Respondent.

No. 92SA489.

Supreme Court of Colorado,
En Banc.

Feb. 16, 1993.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Asst. Disciplinary Counsel, Denver, for complainant.

John L. Terborg, pro se.

PER CURIAM.

The hearing board in this attorney disciplinary proceeding recommended that the respondent be disbarred, be assessed costs, and be ordered to establish prior to an application for readmission that restitution has been made. A hearing panel of the Supreme Court Grievance Committee approved the board's findings and recommendation. We accept the recommendation of the hearing panel, but we modify the recommended discipline pertaining to restitution.

I

The respondent was admitted to the bar of this court on September 23, 1954, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court and its grievance committee. C.R.C.P. 241.1(b). On October 15, 1991, the respondent was immediately suspended from the practice of law because of the criminal conviction which is the basis of this proceeding.

At the hearing, the board received the complainant's exhibits as evidence and heard the testimony of the respondent on the limited issue of whether he should be required to pay restitution as a condition of reinstatement or readmission if the board were to recommend that he be suspended or disbarred. Neither the respondent nor the assistant disciplinary counsel has excepted to the board's finding of the following facts by clear and convincing evidence.

On September 5, 1991, pursuant to a Plea Agreement and Statement of Facts Relevant to Sentencing, the respondent pleaded guilty in federal district court to a single count of bank fraud, contrary to 18 U.S.C. §§ 2 and 1344. The federal district court found the respondent guilty of bank fraud and sentenced him to six months imprisonment. In the order of judgment, the district court found that the respondent did not have the ability to pay a fine, costs of supervision, or restitution. The court noted that, under the facts of the case, the

subject of restitution was a matter for civil litigation.

At the time that he committed the bank fraud, the respondent was part owner, corporate vice-president, and general counsel of Municipal Investor Service, Inc. (MIS), which was a closely held corporation in the business of providing lease financing to municipalities and other government entities. The respondent's criminal conduct involved making lease agreements with municipalities or government agencies and repeatedly pledging or selling those lease agreements to different financial institutions in order to secure loans for MIS. MIS subsequently defaulted on the payments in whole or in part to the financial institutions, and those institutions were left with insufficient collateral. The amount of loss to the financial institutions involving the count to which the respondent pleaded guilty was approximately $184,500. The amount of loss to financial institutions involved in related counts to which the respondent did not plead guilty exceeded $500,000.

## II

■ Bank fraud is a serious crime as defined by C.R.C.P. 241.16(e). As the hearing board concluded, the respondent's conduct violated C.R.C.P. 241.6(3) (misconduct involving any act or omission violating the highest standards of honesty, justice or morality is grounds for discipline); C.R.C.P. 241.6(5) (any act or omission violating the criminal laws of a state or of the United States constitutes ground for lawyer discipline); as well as DR 1–102(A)(3) (a lawyer shall not engage in illegal conduct involving moral turpitude); and DR 1–102(A)(6) (a lawyer shall not engage in conduct that adversely reflects on the lawyer's fitness to practice law).

The hearing panel recommended that the respondent be disbarred for his misconduct, and the respondent has not excepted to the recommendation. Under the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986 & Supp. 1992) (ABA *Standards* ), in the absence of aggravating or mitigating factors, disbarment is generally warranted when:

> (a) a lawyer engages in serious criminal conduct, a necessary element of which includes intentional interference with the administration of justice, false swearing, misrepresentation, fraud, extortion, misappropriation, or theft; ... or
>
> (b) a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice.

ABA *Standards* 5.11. The only mitigating factor is that the respondent has no prior disciplinary record. As in *People v. Brown*, 841 P.2d 1066, 1067 (Colo.1992) (conviction for bankruptcy fraud warrants disbarment), and *People v. Schwartz*, 814 P.2d 793, 794 (Colo.1991) (same), this factor by itself is insufficient under the circumstances to call for a sanction less than disbarment.

■ The hearing board recommended generally that the respondent "establish, among the usual requirements, that all amounts lost by the banks, for which [the respondent] is or was personally responsible, have been restored before he is readmitted." The board also stated, however, that it did "not have enough information about the specific amounts of requested restitution or the circumstances surrounding each transaction to make a specific recommendation." Given the absence of findings with respect to the amounts of restitution and to whom the restitution is to be made, we decline to impose an order requiring restitution. Should the respondent ever seek readmittance to the bar of this court, however, he shall be required to demonstrate, among the other requirements, his rehabilitation by clear and convincing evidence. C.R.C.P. 241.22(a). Whether the respondent can establish that all amounts lost by the banks, for which he is or was personally liable, have been restored, will be a significant factor in demonstrating such rehabilitation.

## III

It is hereby ordered that John L. Terborg be disbarred and that his name be stricken

from the list of attorneys authorized to practice before this court, effective immediately upon the issuance of this opinion. It is further ordered that Terborg pay the costs of this proceeding in the amount of $292.73 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Dominion Plaza, Denver, Colorado 80202.