**The PEOPLE of the State of Colorado, Complainant,**

v.

**George M. HILGENDORF, Sr., Attorney–Respondent.**

**No. 95SA131.**

Supreme Court of Colorado, En Banc.

May 22, 1995.

Linda Donnelly, Disciplinary Counsel, John S. Gleason, Asst. Disciplinary Counsel, Denver, for complainant.

William R. Combs, Fort Collins, for attorney-respondent.

**PER CURIAM.**

The respondent, George M. Hilgendorf, Sr., was convicted of two counts of making false statements to federal banks in violation of 18 U.S.C. § 1014 (1988). The offense is classified as a felony and constitutes a serious crime. C.R.C.P. 241.16(e). The respondent and the assistant disciplinary counsel have entered into a stipulation, agreement, and conditional admission of misconduct containing the recommendation that the respondent be disbarred. See C.R.C.P. 241.18. An inquiry panel of the Supreme Court Grievance Committee approved the conditional admission, including the recommendation of disbarment. We accept the stipulation and the recommendation of the inquiry panel.

I

The assistant disciplinary counsel and the respondent, who was admitted to the Colorado bar in 1979, stipulated to the following relevant facts. On September 2, 1994, the respondent entered guilty pleas in the United States District Court for the District of Colorado to two counts of violating 18 U.S.C. § 1014 (1988) (knowingly making false statements or willfully overvaluing property with the purpose of influencing the action of a federal bank). One of the convictions resulted from the respondent's willful overvaluation of certain parcels of land and his knowing failure to list numerous debts to other banks in connection with his efforts to obtain an extension on the maturity date of a loan from one bank. The other conviction resulted from the respondent's knowing failure to disclose numerous debts to several banks in connection with his application for a loan from another bank. The respondent has admitted that his conduct violated the following provisions of the Code of Professional Responsibility: DR 1–102(A)(3) (a lawyer shall not engage in illegal conduct involving moral turpitude); DR 1–102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); C.R.C.P. 241.6(2) (any act or omission violating accepted rules or standards of legal ethics constitutes grounds for discipline); C.R.C.P. 241.6(3) (misconduct involving any act or omission violating the highest stan-

dards of honesty, justice or morality is grounds for discipline); and C.R.C.P. 241.6(5) (any act or omission violating the criminal laws of a state or of the United States constitutes grounds for lawyer discipline).

## II

The parties have stipulated that the respondent should be disbarred as the result of his professional misconduct. ABA *Standards for Imposing Lawyer Sanctions* 5.11 (1991 & 1992 Supp.), provides in pertinent part that in the absence of mitigating factors disbarment is generally warranted in the following circumstances:

(a) a lawyer engages in serious criminal conduct, a necessary element of which includes intentional interference with the administration of justice, false swearing, misrepresentation, fraud, extortion, misappropriation, or theft; ... or

(b) a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice.

We have recognized that disbarment is warranted in cases involving convictions of comparably serious crimes. *E.g., People v. Bollinger,* 859 P.2d 901 (Colo.1993) (conviction for mail fraud); *People v. Terborg,* 848 P.2d 346 (Colo.1993) (conviction for bank fraud); *People v. Brown,* 841 P.2d 1066 (Colo.1992) (conviction for bankruptcy fraud); *People v. Schwartz,* 814 P.2d 793 (Colo.1991) (conviction for bankruptcy fraud). Although the respondent has no previous history of discipline, this fact alone does not counterbalance the gravity of his misconduct. Accordingly, we accept the recommendation of the inquiry panel that the respondent be disbarred.

## III

It is hereby ordered that the respondent, George M. Hilgendorf, Sr., be disbarred and that his name be stricken from the list of attorneys authorized to practice before this court, effective thirty days after the issuance of this opinion. It is further ordered that the respondent pay the costs of this proceeding, in the amount of $47.98, within thirty days after this opinion is issued, to the Supreme Court Grievance Committee, 600—17th Street, Suite 920–S, Denver, Colorado 80202–5135.