**The PEOPLE of the State of Colorado, Complainant,**

v.

**John Rich FRYE, Jr., Attorney–Respondent.**

**No. 97SA30.**

Supreme Court of Colorado, En Banc.

March 24, 1997.

Linda Donnelly, Disciplinary Counsel, Kenneth B. Pennywell, Assistant Disciplinary Counsel, Denver, for Complainant.

John Rich Frye, Jr., pro se.

PER CURIAM.

In a stipulation, agreement, and conditional admission of misconduct, C.R.C.P. 241.18, the respondent and the assistant disciplinary counsel have recommended that the respondent either be suspended for three years or be disbarred. An inquiry panel of the supreme court grievance committee approved the conditional admission, with the recommendation that the respondent be disbarred. We accept the conditional admission and the inquiry panel's recommendation and order that the respondent be disbarred.

### I

The respondent was admitted to practice law in Colorado in 1975. He was immediately suspended from the practice of law in 1995 as a result of the convictions discussed below. *See* C.R.C.P. 241.8. The conditional admission states that in the spring of 1988, Reserve Holdings (RHC) was founded by two individuals. RHC's purpose was to buy, at a substantial discount from face value, promissory notes ("paper") held by the Federal Deposit Insurance Corporation after seizure from failing banks. RHC intended to collect on the paper and expected a return of the purchase price plus a profit. The FDIC sold these assets in large packages through a

bidding procedure requiring the purchaser to be in a position to pay the purchase price in cash. The price of such a package was anticipated to be $100,000 or more.

To successfully bid on a package, RHC had to find investors willing to provide the necessary funds, and it took this financing problem to International Capital Formation Corporation (International Capital). International Capital was in the business of putting together investment ventures and offering them to investors through an affiliate broker-dealer known as InterCap Financial Corporation (Intercap). InterCap and International Capital were wholly owned and operated by the respondent and another individual.

In June 1988, International Capital and RHC entered into a business relationship involving six separate investment offerings over the next two years, based on the prospect of buying and collecting severely discounted assets from the FDIC. Each investment offering was described in a private placement memorandum, and constituted the offer and sale of a security as defined by the Colorado Securities Act of 1981.

As a result of the his activities with International Capital in putting together these six offerings between May 1, 1988 and May 31, 1990, the respondent was charged with over twenty counts of criminal conduct.

On February 3, 1995, the respondent pleaded guilty to the following charges in Arapahoe County District Court: conspiracy to commit securities fraud, § 18–2–201, 8B C.R.S. (1986 & 1996 Supp.), a class 4 felony; and two counts of fraudulent and prohibited practices—securities fraud, §§ 11–51–123, –124, 4B C.R.S. (1987), a class 3 felony.

## II

In the conditional admission, the respondent consents to a three-year suspension or disbarment. The inquiry panel recommended that the respondent be disbarred, as

does the assistant disciplinary counsel in his analysis of discipline.[1] The respondent was convicted of one class 4 felony and two class 3 felonies, all of which involve dishonesty and fraudulent practices. The ABA *Standards for Imposing Lawyer Sanctions* 5.11 (1991 & 1992 Supp.), provides that in the absence of mitigating factors disbarment is generally warranted when:

> (a) a lawyer engages in serious criminal conduct, a necessary element of which includes intentional interference with the administration of justice, false swearing, misrepresentation, fraud, extortion, misappropriation, or theft; ... or an attempt or conspiracy or solicitation of another to commit any of these offenses; or

> (b) a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice.

We have disbarred lawyers in cases involving convictions of comparably serious crimes. *See, e.g., People v. Hilgendorf*, 895 P.2d 544, 545 (Colo.1995) (conviction for making false statements to federal banks); *People v. Bollinger*, 859 P.2d 901 (Colo.1993) (conviction for mail fraud); *People v. Terborg*, 848 P.2d 346 (Colo.1993) (conviction for bank fraud); *People v. Brown*, 841 P.2d 1066 (Colo.1992) (conviction for bankruptcy fraud); *People v. Schwartz*, 814 P.2d 793 (Colo.1991) (conviction for bankruptcy fraud). The fact that the respondent has no prior discipline is not in and of itself sufficient to outweigh the seriousness of his misconduct. *See Hilgendorf*, 895 P.2d at 545.

## III

Accordingly, we accept the conditional admission and the recommendation of the inquiry panel that the respondent be disbarred. It is hereby ordered that John Rich Frye, Jr., be disbarred and that his name be strick-

---

1. Although the conditional admission refers to an exhibit that is supposed to be the respondent's argument for a three-year suspension, no such document is attached. In a motion to proceed, the assistant disciplinary counsel represents that although the respondent originally indicated that he would submit such an exhibit, the respondent

"no longer desire[s] to submit such a mitigation statement and want[s] the matter to be considered without benefit of his statement in mitigation." The respondent has not responded or objected to the assistant disciplinary counsel's motion to proceed, and such motion is hereby granted.

en from the list of attorneys authorized to practice before this court, effective immediately upon the issuance of this opinion. It is further ordered that the respondent pay the cost of this proceeding in the amount of $89.45 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.

BENDER, J., does not participate.