**The PEOPLE of the State of Colorado, Complainant,**

v.

**Robert D. SICHTA, Attorney–Respondent.**

**No. 97SA323.**

Supreme Court of Colorado,
En Banc.

Dec. 2, 1997.

Linda Donnelly, Disciplinary Counsel, James S. Sudler, Assistant Disciplinary Counsel, Denver, for Complainant.

Robert D. Sichta, New York City, Pro Se.

PER CURIAM.

The respondent in this lawyer discipline proceeding was convicted of wire fraud and securities fraud. A hearing panel of the supreme court grievance committee approved the recommendation of a hearing board that the respondent be disbarred. Neither party has excepted to the panel's action. We accept the hearing panel's recommendation and order that the respondent be disbarred.

### I.

The respondent was licensed to practice law in this state in 1982. Because the respondent did not answer the formal complaint, a default was entered against him. The respondent therefore admitted the facts and allegations contained in the complaint. See C.R.C.P. 241.13(b); People v. Pierson, 917 P.2d 275, 275 (Colo.1996). Based on the default and the evidence presented, the hearing board found that the following had been proven by clear and convincing evidence.

On January 28, 1997, pursuant to a plea agreement, the respondent was convicted in the United States District Court for the District of Colorado of one count of wire fraud, *see* 18 U.S.C. § 1343 (1994), and one count of securities fraud, *see* 15 U.S.C. §§ 78j(b), 78ff (1994), and was sentenced to thirty-three months in a federal correctional institution. The respondent was fined $100,000.

The conduct underlying the respondent's convictions occurred between June 1, 1989, and September 30, 1990. The "Plea Agreement and Statement of Facts Relevant to Sentencing" entered into between the respondent and the Assistant United States Attorney, and attached to the complaint in this case, summarized the criminal scheme as follows:

> [The respondent] knowingly and willfully conspired and entered into a scheme with ... other persons, in connection with the purchase and sale of U.S. Mint stock, to falsely and fraudulently promote and sell unregistered and restricted U.S. Mint stock to the investing public, to make false and fraudulent representations, promises and omissions of material facts, to pay and receive undisclosed bribes and kickbacks in connection with promoting and selling such stock, and to engage in various acts and conduct to conceal the scheme and the proceeds thereof.

The disciplinary complaint charged the respondent with violating Colo. RPC 8.4(b) (committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness); Colo. RPC 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation); and Colo. RPC 8.4(h) (engaging in conduct that adversely reflects on the lawyer's fitness to practice law); as well as C.R.C.P. 241.6(5) (violating the criminal laws of a state or of the United States). As the hearing board observed, however, the respondent's misconduct occurred in 1989 and 1990, before the effective date of the Rules of Professional Conduct, January 1, 1993. Therefore, the factual allegations in the complaint, admitted by virtue of the respondent's default, support violations of the corresponding disciplinary regulations of the former Code of Professional Responsibility: DR 1–102(A)(3) (engaging in illegal conduct involving moral turpitude); DR 1–102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation); and DR 1–102(A)(6) (engaging in conduct that adversely reflects on the lawyer's fitness to practice law).

## II.

The hearing panel approved the board's recommendation of disbarment. Neither the assistant disciplinary counsel nor the respondent has excepted to this recommendation. Under the ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards*), in the absence of mitigating factors, disbarment is generally appropriate when "a lawyer engages in serious criminal conduct a necessary element of which includes intentional interference with the administration of justice, false swearing, misrepresentation, fraud, extortion, misappropriation, or theft; ... or an attempt or conspiracy or solicitation of another to commit any of these offenses." *Id.* at 5.11(a); *see also People v. Frye*, 935 P.2d 10, 11 (Colo.1997) (disbarring lawyer for convictions for conspiracy to commit securities fraud, and two counts of fraudulent and prohibited practices, despite absence of prior discipline); *People v. Hilgendorf*, 895 P.2d 544, 545 (Colo.1995) (conviction for making false statements to federal banks); *People v. Bollinger*, 859 P.2d 901, 902 (Colo.1993) (conviction for mail fraud); *People v. Terborg*, 848 P.2d 346, 347 (Colo.1993) (conviction for bank fraud); *People v. Brown*, 841 P.2d 1066, 1067 (Colo.1992) (conviction for bankruptcy fraud); *People v. Schwartz*, 814 P.2d 793, 794 (Colo.1991) (conviction for bankruptcy fraud).

The hearing board found the following aggravating factors: the respondent had a dishonest or selfish motive, *see id.* at 9.22(b); there is a pattern of misconduct, *see id.* at 9.22(c), as well as multiple offenses, *see id.* at 9.32(d); and the respondent has substantial experience in the practice of law, *see id.* at 9.22(i).

In mitigation, although incarcerated, the respondent has corresponded with the Office of Disciplinary Counsel and has expressed remorse, *see id.* at 9.32(*l*). In addition, the

respondent has not been previously disciplined. *See id.* at 9.32(a). However, the fact that the respondent has no prior discipline is not sufficient to call for a sanction less than disbarment. *See Hilgendorf,* 895 P.2d at 545. Accordingly, we accept the hearing panel's and hearing board's recommendation.

### III.

It is hereby ordered that Robert D. Sichta be disbarred and that his name be stricken from the list of attorneys authorized to practice before this court, effective thirty days after the issuance of this opinion. It is also ordered that the respondent pay the costs of this proceeding in the amount of $181.77 within thirty days to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.

SCOTT, J., does not participate.