The PEOPLE of the State of Colorado, Complainant,

v.

James William NEAREN, Jr., Attorney–Respondent.

No. 97SA449.

Supreme Court of Colorado, En Banc.

Feb. 2, 1998.

Linda Donnelly, Disciplinary Counsel, John S. Gleason, Deputy Disciplinary Coun-

---

sel, Gregory G. Sapakoff, Investigative Counsel, Denver, for Complainant.

James William Nearen, Jr., Englewood, Pro Se.

PER CURIAM.

The complainant and the respondent in this lawyer discipline case executed a stipulation, agreement and conditional admission of misconduct. *See* C.R.C.P. 241.18. The conditional admission recommended that the respondent be disbarred because of his federal felony convictions. An inquiry panel of the supreme court grievance committee approved the conditional admission. We accept the conditional admission and order that the respondent be disbarred.

I

The respondent was admitted to the Colorado bar in 1978. The conditional admission provides that the respondent was named as a defendant in an indictment in the United States District Court for the Eastern District of New York. He was charged with numerous felony counts, including federal securities fraud and conspiracy to commit securities fraud. The charges arose from the respondent's role as "regulatory counsel" to Comprehensive Environmental Systems, Inc., a publicly owned corporation with its principal office in New York, and Alter Sales, Company, Inc., a publicly owned corporation with its principal office in Florida.

In May 1997, the respondent pleaded guilty to securities fraud in violation of 15 U.S.C. § 78j(b) (1994), and money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i) (1994), both felonies. He also pleaded guilty to one count of conflict of interest, contrary to 18 U.S.C. § 207(a)(1) (1994). At the time the conditional admission was executed, the respondent was awaiting sentencing.

The respondent stipulated that he violated Colo. RPC 8.4(b) (committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer); Colo. RPC 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation); and Colo. RPC 8.4(h)(engaging in conduct that adversely reflects on the lawyer's fitness to practice law); as well as C.R.C.P. 241.6(5) (violating the criminal laws of a state or of the United States).

II

In the conditional admission, the respondent consents to disbarment. The inquiry panel approved the conditional admission and the recommendation of discipline. The respondent was convicted of various felonies under federal law involving dishonesty and fraudulent practices. The ABA *Standards for Imposing Lawyer Sanctions* 5.11 (1991 & 1992 Supp.), provides that in the absence of mitigating factors disbarment is generally warranted when:

> (a) a lawyer engages in serious criminal conduct, a necessary element of which includes intentional interference with the administration of justice, false swearing, misrepresentation, fraud, extortion, misappropriation, or theft; ... or an attempt or conspiracy or solicitation of another to commit any of these offenses; or

> (b) a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice.

The only mitigating factor mentioned in the conditional admission is that the respondent has no prior discipline. *See id.* at 9.32(a). We have disbarred lawyers in previous cases involving convictions of comparably serious crimes, even in the absence of prior discipline. *See, e.g., People v. Frye,* 935 P.2d 10, 11 (Colo.1997) (convictions for conspiracy to commit securities fraud, and two counts of fraudulent and prohibited practices warranted disbarment, despite absence of prior discipline); *People v. Hilgendorf,* 895 P.2d 544, 545 (Colo.1995) (conviction for making false statements to federal banks; no previous discipline).

III

Accordingly, we accept the conditional admission and the recommendation of the inquiry panel that the respondent be disbarred.

It is hereby ordered that James William Nearen, Jr., be disbarred and that his name be stricken from the list of attorneys authorized to practice before this court, effective thirty days after the date on this opinion. It is further ordered that the respondent pay the cost of this proceeding in the amount of $45.00 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.

BENDER, J., does not participate.