**The PEOPLE of the State of Colorado, Complainant,**

v.

**Dan R. KIELY, Attorney-Respondent.**

**No. 98SA411.**

Supreme Court of Colorado,
En Banc.

Nov. 16, 1998.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Assistant Disciplinary Counsel, Denver, for Complainant.

Dan R. Kiely, Pro Se, West Palm Beach, Florida.

PER CURIAM.

This is a reciprocal discipline proceeding pursuant to C.R.C.P. 241.17. The respondent, Dan R. Kiely, and the assistant disciplinary counsel executed a stipulation, agreement, and conditional admission of misconduct. *See* C.R.C.P. 241.18. In the conditional admission, Kiely agreed to disbarment. An inquiry panel of the grievance committee approved the conditional admission and the recommended discipline. We accept the conditional admission and order that the respondent be disbarred.

I.

Dan R. Kiely was admitted to practice law in Colorado in 1969. The conditional admission provides that Kiely was disbarred by the United States Court of Federal Claims on July 24, 1997. This followed the revocation of his license to practice law in the Commonwealth of Virginia by the Virginia State Bar Disciplinary Board on February 21, 1996.

The basis for these disciplinary actions was Kiely's guilty plea in the United States District Court for the Western District of Pennsylvania on March 16, 1995. Kiely pleaded guilty to one count of making a false statement on a credit application in violation of 18 U.S.C. § 1014, a felony. He was sentenced to one year and one day in the Bureau of Prisons. The basis of Kiely's conviction was his knowingly making false statements to obtain a loan from Peoples Federal Savings and Loan Association, an institution insured by the Federal Savings and Loan Insurance Corporation, located in New Kensington, Pennsylvania. The false statements that Kiely made were that he had a net worth of $5,109,100 and that the proceeds of the loan were to be used to purchase the stock of Avco Boulder Industrial Bank, located in Boulder, Colorado. In fact, Kiely knew that he was approximately ten million dollars in debt, and that the loan proceeds were to be used for purposes other than purchasing Avco Boulder's stock.

Kiely has stipulated that the foregoing conduct violated C.R.C.P. 241.6(5) (violating the criminal laws of a state or the United States).

II.

In a reciprocal discipline proceeding, we generally impose the same discipline that was imposed in the foreign jurisdiction, unless certain exceptions exist. *See People v. Mattox,* 862 P.2d 276, 277 (Colo.1993); C.R.C.P. 241.17(d)(1)–(4). The parties have stipulated that none of the exceptions exist, nor does the record reveal any reason to impose different discipline.

The ABA *Standards for Imposing Lawyer Sanctions* 5.11(a) (1991 & 1992 Supp.), provides that in the absence of mitigating factors disbarment is generally warranted when "a lawyer engages in serious criminal conduct, a necessary element of which includes intentional interference with the administration of justice, false swearing, misrepresenta-

tion, fraud, extortion, misappropriation, or theft."

We have previously held that disbarment is warranted in cases involving convictions for comparably serious crimes. *See, e.g., People v. Hilgendorf,* 895 P.2d 544, 545 (Colo. 1995) (knowingly making false statements or willfully overvaluing property with the purpose of influencing the action of a federal bank); *People v. Bollinger,* 859 P.2d 901, 902 (Colo.1993) (conviction for mail fraud); *People v. Terborg,* 848 P.2d 346, 347 (Colo.1993) (conviction for bank fraud); *People v. Brown,* 841 P.2d 1066, 1067 (Colo.1992) (conviction for bankruptcy fraud); *People v. Schwartz,* 814 P.2d 793, 794 (Colo.1991) (conviction for bankruptcy fraud).

█ Kiely has no previous discipline in this state, but that alone does not call for a sanction less than disbarment. *See Hilgendorf,* 895 P.2d at 545. Accordingly, we accept the conditional admission and the recommendation of the inquiry panel that Kiely be disbarred.

### III.

It is hereby ordered that Dan R. Kiely be disbarred, effective thirty days after the issuance of this opinion. It is further ordered that Kiely be required to demonstrate prior to readmission that he has paid the costs of this proceeding in the amount of $48.42 to the Supreme Court Grievance Committee, or its successor entity, 600 Seventeenth Street, Suite 300 South, Denver, Colorado 80202–5435.