**The PEOPLE of the State of Colorado, Complainant,**

v.

**R. Keith HOTLE, Respondent.**

**No. 99PDJ038.**

Office of the Presiding Disciplinary Judge of the Supreme Court of Colorado.

Nov. 16, 1999.

Opinion by Presiding Disciplinary Judge ROGER L. KEITHLEY and Hearing Board members, EDWIN S. KAHN and BOSTON H. STANTON, both members of the bar.

## OPINION AND ORDER IMPOSING SANCTIONS

*SANCTION IMPOSED: ATTORNEY DIS-BARRED*

A sanctions hearing was held on August 12, 1999, before the Presiding Disciplinary Judge ("PDJ") and two hearing board members, Edwin S. Kahn and Boston H. Stanton, both members of the Bar. James S. Sudler, Assistant Regulation Counsel represented the People of the State of Colorado (the "People"). R. Keith Hotle ("Hotle"), the respondent, did not appear either in person or by counsel.

On March 11, 1999 the People filed a complaint in this matter. The Complaint and Citation were served upon respondent by certified mail on March 15, 1999 to the respondent's business address, and March 16, 1999 to respondent's current mailing address pursuant to C.R.C.P. 251.32(b). Hotle failed to answer the allegations advanced in the complaint and default was entered against him on May 25, 1999. The factual allegations set forth in the People's complaint were deemed admitted by the entry of the default order. *See In the Matter of Michael F. Scott,* 979 P.2d 572, 573 (Colo.1999); *People v. Pierson,* 917 P.2d 275, 275 (Colo.1996). Notice of the sanctions hearing was mailed to Hotle on May 26, 1999.

The People's complaint in three separate claims, charged Hotle with violations of The Colorado Rules of Professional Conduct ("Colo.RPC") 1.3(neglect of a legal matter); Colo. RPC 1.4(a)(failure to communicate with a client); Colo. RPC 8.4(c)(conduct involving

dishonesty, fraud, deceit or misrepresentation); Colo. RPC 8.4(d) (conduct that is prejudicial to the administration of justice); Colo. RPC 1.16(d)(failure to take steps reasonably practicable to protect a client's interests) and C.R.C.P. 251.5(d)(failure to respond without good cause to a request by the Office of Attorney Regulation Counsel).

The People's Exhibits 1 and 2 were offered and admitted into evidence. The PDJ and Hearing Board considered argument of counsel, the facts established by the entry of default, the exhibits admitted, and made the following findings of fact which were established by clear and convincing evidence:

## I. FINDINGS OF FACT

Hotle has taken and subscribed the oath of admission, was admitted to the bar of this court on October 15, 1992, and is registered upon the official records of the court as attorney registration number 21891. Hotle is subject to the jurisdiction of this court pursuant to C.R.C.P. 251.1(b).

### A. The Sandoval/Chavez Matter

In September 1998, Sarah Sandoval retained Hotle to represent her daughter, Georgetta Chavez, in Arapahoe County on a charge of auto theft. She paid the respondent $500 and gave him jewelry valued at $1,100 to secure future payments. Chavez was scheduled to appear before the Arapahoe County District Court on October 9, 1998. Hotle failed to appear in court at the designated time on behalf of Ms. Chavez. Ms. Chavez was forced to obtain the services of a public defender to represent her interests on the criminal charge. Since the time Mrs. Sandoval paid funds and delivered property to Hotle, she has been unable to reach him. Hotle has neither accounted for nor returned the funds or property to Mrs. Sandoval.

### B. The Matthews Matter

In a separate and unrelated matter, Hotle agreed to represent Travis Matthews in a criminal matter pursuant to a written flat fee agreement. The flat fee agreement provided that Hotle would handle post-sentencing matters for Matthews following his plea of guilty.

Matthews made numerous attempts to contact Hotle without success. Matthews retained substitute counsel who attempted to contact Hotle also without success. Substitute counsel eventually entered his appearance on Matthews behalf.

### C. Failure to Cooperate

Separate letters were sent to Hotle on January 6, 1999, by the Office of Attorney Regulation Counsel concerning the reports of misconduct filed by Mrs. Sandoval and substitute counsel for Matthews. An investigator from the Office of Attorney Regulation Counsel located Hotle and hand delivered copies of each request for investigation to him. The investigator informed Hotle in writing that he must respond to the requests for investigation within twenty days. Hotle did not respond to either request for investigation. The investigator also asked Hotle to appear for a meeting at the Office of Attorney Regulation Counsel and he agreed to do so. Hotle did not appear for the scheduled meeting.

## II. CONCLUSIONS OF LAW

Both the Sandoval/Chavez and Matthews matters involve common elements of misconduct. In each of those matters, Hotle entered into a formal attorney/client relationship, agreed to provide specific professional services, failed to provide the agreed upon services, failed to protect his clients or to communicate with them regarding their respective legal difficulties and, by his misconduct, required both clients to seek out and obtain successor counsel. Moreover, in the Sandoval/Chavez matter, Hotle took possession of property of another having a total value of $1,600 for his fee, performed no services, and has neither accounted for the funds and property he received nor returned it. In the Matthews matter, Hotle failed to cooperate with substitute counsel to protect the client's interests.

When a lawyer enters into an attorney/client relationship with another, an obligation to perform the agreed-upon professional services arises. By agreeing to perform the requested services, the lawyer

represents that he will provide the services in accordance with The Colorado Rules of Professional Conduct. If the attorney thereafter, absent either his client's permission or an appropriate withdrawal from the attorney/client relationship, fails to perform the agreed-upon professional services within a reasonable period of time, the attorney's misconduct constitutes neglect. Under circumstances where the period of neglect, in light of the professional services to be provided, is accompanied by a failure to communicate with the client, the neglectful misconduct may justify a finding of abandonment. Such is the case here.

 Hotle entered into an attorney/client relationship with Chavez which required his immediate attention, including participating in a previously scheduled court appearance. He did not appear in court on behalf of his client, he did not communicate with his client, and he did not undertake to withdraw from the representation. His actions required substitute counsel to enter the proceeding in order to protect the client's interests. Hotle effectively abandoned his client. *People v. Fritsche*, 897 P.2d 805, 806(Colo.1995)(disbarring attorney for effectively abandoning clients and disregarding disciplinary proceedings). By that abandonment, Hotle became obligated to account for and promptly refund any unearned fee. *See People v. Pedersen*, 35 P.3d 173 (Colo.P.D.J. 1999), 28 COLO. LAW. 134, 135 (November 1999); *cf. People v. Wallace*, 936 P.2d 1282, 1283 (Colo.1997)(attorney has an affirmative obligation to act with reasonable diligence, abstain from neglecting the client's legal problem, comply with reasonable requests for information and account for or return retainer). Hotle did not do so.

 Misappropriation of a client's funds includes "not only stealing, but also unauthorized temporary use for the lawyer's own purpose, whether or not he derives any personal gain or benefit therefrom." *People v. Varallo*, 913 P.2d 1, 11(1996) *citing In re Wilson*, 81 N.J. 451, 455 n. 1, 409 A.2d 1153

(1979). Hotle retained his client's property and funds for more than ten months without explanation or justification contrary to the mandatory obligations contained within The Colorado Rules of Professional Conduct ("Colo.RPC") 1.16(d)(upon termination, a lawyer shall refund any advance payment of fee that has not been earned). Hotle's failure to account or return the unearned funds for an extended period of time taken together with his complete lack of communication with his client may be considered willful and knowing conduct. *See People v. Singer*, 897 P.2d 798, 801 (Colo.1995)(extensive and prolonged neglect is considered willful misconduct).

Hotle's misconduct in the Sandoval/Chavez matter constituted a violation of Colo. RPC 8.4(c)(conduct involving dishonesty, misrepresentation, fraud or deceit); Colo. RPC 1.3 (neglect of a legal matter) and Colo. RPC 1.4(a)(failure to keep a client reasonably informed).

 Hotle's agreement to represent Matthews, his subsequent failure to perform the work requested, and his failure to communicate with his client constitutes a violation of Colo. RPC 1.4(a)(failing to communicate with a client) and Colo. RPC 1.3 (neglect of a legal matter). Hotle's misconduct required his client to seek out and obtain substitute counsel to protect his interests. Consequently, the attorney/client relationship between Matthews and Hotle was effectively terminated by Hotle's misconduct. By that termination, Hotle was required to comply with the mandatory provisions of Colo. RPC 1.16(d)(upon termination, an attorney shall take steps to the extent reasonably necessary to protect his client's interests)[1]. Notwithstanding substitute counsel's efforts to communicate with Hotle, Hotle failed to cooperate with substitute counsel and, therefore, violated Colo. RPC 1.16(d).

 The People also charged Hotle with a violation of Colo. RPC 8.4(d)(conduct prejudicial to the administration of justice)

---

**1.** Even though the effective termination of the attorney/client relationship in this case was not in conformity with the provisions of Colo. RPC 1.16(a) or (b), the provisions of Colo. RPC 1.16(d) still apply to the termination of that relationship.

arising out of the Matthews matter. No evidence was presented suggesting that Hotle's misconduct, although related to a pending court proceeding, prejudicially affected, delayed, interfered with or altered the course of that proceeding or, directly or indirectly, affected the administration of justice. A violation of Colo. RPC 8.4(d)(conduct prejudicial to the administration of justice), although covering a broad range of attorney misconduct, requires proof of some nexus between the conduct charged and an adverse effect upon the administration of justice. *See People v. Sheffer*, No. GC98A112, —— P.3d ——, 2001 WL 1161317 (Colo.P.D.J.1999), 28 COLO. LAW. 143, 146 (September 1999)(finding a violation of Colo. RPC 8.4(d) where an attorney intentionally falsified notary seal and improperly used the notary seal belonging to another); *People v. Wright*, 35 P.3d 153 (Colo.P.D.J.1999), 21 COLO. LAW. 154, 155 (September 1999)(finding a violation of Colo. RPC 8.4(d) for attorney's conduct which resulted in a direct disruption of pending proceedings); *People v. Mannix*, 936 P.2d 1285, 1287(Colo.1997)(finding a violation of Colo. RPC 8.4(d) where attorney failed to appear at criminal proceeding). There having been no evidence presented in this case to establish a violation of Colo. RPC 8.4(d), the charge under Colo. RPC 8.4(d) is dismissed.

■ The final charge of professional misconduct arises from Hotle's failure to participate in the initial stages of these disciplinary proceedings. C.R.C.P. 251.5 provides, in part:

Misconduct by an attorney, individually or in concert with others, including the following acts or omissions, shall constitute grounds for discipline, whether or not the act or omission occurred in the course of an attorney-client relationship:

(d) Failure to respond without good cause shown to a request by the committee, the Regulation Counsel, or the Board of Trustees of the Colorado Attorneys' Fund for Client Protection or obstruction of the committee, the Regulation Counsel, or the Board or any part thereof in the performance of their duties. Good cause includes, but is not limited to, an assertion that a response would violate the respondent's constitutional privilege against self-incrimination.

Hotle was provided separate requests for investigation for each of the matters set forth above by the Office of Attorney Regulation Counsel and he was requested to respond. He did not. In addition, Hotle agreed to appear at the offices of Attorney Regulation Counsel for an interview regarding the investigations and failed to do so. His failure to respond to the requests for investigation and his failure to appear as agreed, in the absence of good cause, constituted a violation of C.R.C.P. 251.5(d).

### III. SANCTIONS/IMPOSITION OF DISCIPLINE

■ The ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) ("ABA *Standards* ") is the guiding authority for selecting the appropriate sanction to impose for lawyer misconduct.

ABA *Standard* 5.11 provides:

Disbarment is generally appropriate when:

(b) a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice.

ABA *Standard* 4.41 provides:

Disbarment is generally appropriate when:

(b) a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to a client

■ Hotle's conduct in the Sandoval/Chavez matter meets all of the criteria under ABA *Standards* 4.41 and 5.11. By agreeing to represent Chavez in the criminal matter, Hotle led Chavez and Sandoval to believe that he would do so consistent with his duties and obligations under applicable law. Thereafter, Hotle not only failed to meet his duties and obligations in that representation, he failed to communicate with his client and neither accounted for nor returned the funds and property delivered to him in return for his representation. The fact that Sandoval attempted to contact Hotle, and Hotle made

no attempt to return the calls or initiate contact for more than ten months combined with his failure to account for or return the unearned fees evidences willful and knowing conduct. *Singer,* 897 P.2d at 801(extensive and prolonged neglect is considered willful misconduct). Consequently, Hotle's misconduct reflects dishonesty, it was willful and knowing, it caused serious harm to his client and it seriously adversely reflects upon his fitness to practice law. When a lawyer abandons a client and causes serious harm while keeping the client's money, the lawyer violates the trust and confidence necessarily placed in him to care for the client's legal needs, and he brings disrepute upon the entire profession. *People v. Steinman,* 930 P.2d 596, 599 (Colo.1997). Only in the rarest of circumstances could it be considered anything less than serious harm when a lawyer misappropriates a client's funds or property. No such circumstances are present in this case.

■ In the absence of substantial mitigating factors, disbarment is the presumed sanction for abandonment of a client coupled with knowing misappropriation of client funds such as that which occurred in the Sandoval/Chavez matter. *People v. Holmes,* 951 P.2d 477, 479 (Colo.1998)(disbarring attorney, in part, for misappropriating fees and abandoning clients); *People v. McDowell,* 942 P.2d 486, 492 (Colo.1997)(holding that disbarment was presumed sanction for knowingly misappropriation of funds). The violation of C.R.C.P. 251.5(d)(failure to respond to a request from Attorney Regulation Counsel), and the misconduct in the Matthews matter, although not alone justification for disbarment, under the facts presented here, certainly adds support for the presumed sanction of disbarment.

Hotle did not appear for the scheduled disciplinary trial of this matter and presented no evidence of mitigation. Although the People disclosed that Hotle had received no prior discipline, the PDJ and Hearing Board did not find that this factor alone, under the circumstances presented, warranted a lesser sanction. *See People v. Nearen,* 952 P.2d 371, 372 (Colo.1998)(disbarring an attorney despite the absence of prior discipline pursuant to conditional admission and *citing People v. Frye,* 935 P.2d 10, 11 (Colo.1997) (disbarring attorney for convictions for conspiracy to commit securities fraud, and two counts of fraudulent and prohibited practices warranted disbarment, despite absence of prior discipline)); *People v. Hilgendorf,* 895 P.2d 544, 545 (Colo.1995) (disbarring attorney for conviction for making false statements to federal banks despite the attorney's having no previous discipline).

The PDJ and Hearing Board considered certain factors in aggravation pursuant to ABA *Standards* 9.22. The People offered evidence in aggravation that Hotle engaged in a pattern of serious misconduct, *see id.* at 9.22(c); that he committed multiple offenses, *see id.* at 9.22(d); that he caused serious injury to a vulnerable client and exposed another client to potentially serious harm, *see id.* at 9.22(h); and, in the Sandoval/Chavez matter, that he had an indifference to making restitution, *see id.* at 9.22(j).

Under the ABA *Standards* disbarment is the appropriate sanction for this misconduct. Precedent under the decisions of the Colorado Supreme Court also calls for disbarment. *See In re Babinski,* 971 P.2d 1074, 1075 (Colo.1999)(disbarring the attorney pursuant to a conditional admission in part for violations of Colo. RPC 1.3 (neglecting client matters), Colo. RPC 1.4(a) (failing to communicate with client), Colo. RPC 1.16(d) (failing to take reasonable steps to protect a client's interests upon termination of representation), Colo. RPC 8.4(c)(engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) and for failing to respond to a request from the grievance committee); *Holmes,* 951 P.2d at 479 (disbarring attorney subject to conditional admission in part for violations of Colo. RPC 1.3 (neglect); Colo. RPC 1.4(a)(failing to communicate); Colo. RPC 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) and for failing to respond to requests for investigation); *Singer,* 955 P.2d at 1007 (disbarment ordered for lawyer who misappropriated client funds and caused serious harm through neglect).

Hotle's complete disregard for these disciplinary proceedings, both at the investigative

stage and at the adjudicatory stage, reinforces our conclusion that disbarment is warranted and necessary in this case.

### IV. ORDER

It is therefore ORDERED:

1. R. Keith Hotle, registration number 21891, is DISBARRED from the practice of law effective thirty-one days from the date of this Order, and his name shall be stricken from the roll of attorneys licensed to practice law in this state.

2. Prior to the submission of any Petition for Readmission pursuant to C.R.C.P. 251.29, R. Keith Hotle shall pay to Mrs. Sandoval the sum of $500 plus statutory interest from October 1, 1998 and return the property valued at $1,100 held by him.

3. R. Keith Hotle is ORDERED to pay the costs of these proceedings within sixty (60) days of the date of this Order.

4. The People shall submit a Statement of Costs within ten (10) days of the date of this Order. Respondent shall have five (5) days thereafter to submit a response thereto.