**The PEOPLE of the State of Colorado, Complainant,**

v.

**James M. DeROSE, Respondent.**

**No. 99PDJ098.**

Office of the Presiding Disciplinary Judge of the Supreme Court of Colorado.

Aug. 13, 2001.

Opinion by Presiding Disciplinary Judge ROGER L. KEITHLEY and Hearing Board members, EDWIN S. KAHN and BARBARA WEIL GALL, both members of the bar.

## OPINION AND ORDER IMPOSING SANCTIONS

*SANCTION IMPOSED* : ATTORNEY DIS-BARRED

The People filed a Complaint in this disciplinary case on September 23, 1999.[1] Fol-lowing an extension of time within which to respond, DeRose filed his Answer on Dec. 1, 1999. On February 10, 2000, the People filed a motion for summary judgment seeking judgment on all claims set forth in the complaint. Although DeRose did not file a brief in opposition to the motion for summary judgment, he did file a trial brief in anticipation of the issues to be presented at trial and that brief was considered in opposition to the motion for summary judgment. On February 25, 2000, the Presiding Disciplinary Judge ("PDJ") issued an order granting summary judgment as to all claims set forth in the Complaint, C.R.C.P. 251.5(b)( any act or omission which violates the criminal laws of this state or any other state or of the United States shall constitute grounds for discipline) and Colo. RPC 8.4(b)(it is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects). Thereafter, the matter was set for trial on the issues of mitigation, aggravation and the appropriate sanction. Due to the withdrawal of DeRose's counsel and various motions filed by DeRose[2], the scheduled trial was continued on three separate occasions.

A trial was held on November 20, 2000, before the Presiding Disciplinary Judge ("PDJ") and two Hearing Board members, Edwin S. Kahn and Barbara Weil Gall, both members of the bar. James S. Sudler, Assistant Regulation Counsel, represented the People of the State of Colorado (the "People") and James M. DeRose ("DeRose") appeared *pro se*. The People's exhibit 1 and DeRose's exhibits A through G were offered and admitted into evidence. The People offered no witnesses. DeRose testified on his own behalf. The PDJ and Hearing Board considered the undisputed facts established by the entry of summary judgment, De-Rose's testimony and credibility, the exhibits

---

1. On September 22, 1997 the Colorado Supreme Court entered an order suspending DeRose for three years as the result of multiple instances of investing client funds for the benefit of friends and relatives. *See People v. DeRose*, 945 P.2d 412 (Colo.1997).

2. DeRose filed two motions to recuse the PDJ, one motion to recuse Justice Michael Bender, three motions to continue the trial, one motion for clarification of earlier rulings and a motion for a transcript of proceedings.

admitted into evidence, the arguments made by counsel, and made the following findings of fact which were established by clear and convincing evidence.

## I. FINDINGS OF FACT

DeRose has taken and subscribed the oath of admission, was admitted to the bar of this court on April 7, 1966, and is registered upon the official records of this court, registration No. 00376. DeRose is subject to the jurisdiction of this court pursuant to C.R.C.P. 251.1(b).

DeRose pled guilty in the United States District Court for the District of Colorado to one count of a violation of 31 U.S.C. § 5322(a) (1986) and 31 U.S.C. § 5324(a)(3)(1986) on an aiding and abetting theory and criminal charges of structuring transactions to evade reporting requirements, and 18 U.S.C. § 2 (1948)(aiding and abetting). The crime to which the plea was entered was a felony. DeRose could have been sentenced up to five years and fined up to $5,000. DeRose served four months in the federal camp in Englewood, Colorado and is presently on a three-year period of supervision.

The felony to which DeRose pled guilty arose from the following facts. On February 8, 1994, at a financial institution within the District of Colorado, DeRose engaged in eleven (11) separate financial transactions involving the purchase of eleven (11) money orders each in the amount of $2,500, knowing or believing the funds used in these transactions were the proceeds of an unlawful activity and with the intent to evade the currency reporting requirements. The total amount of currency involved in these and other similar transactions involving DeRose was $68, 700. DeRose pled to guilty to Claim IV of a federal indictment charging violations of .31 U.S.C. § 5322(a) (1986) and 31 U.S.C. § 5324(a)(3) (1986). DeRose engaged in these transactions on behalf of his client in order to conceal the transactions from others.

The transactions which formed the basis of the federal indictment were reported on the client's tax returns and DeRose reported his conviction to the Office of Attorney Regulation Counsel as required by C.R.C.P. 251.20(b).

DeRose expressed remorse and sorrow for his conduct and explained that he engaged in the actions to avoid problems for his client. DeRose's exhibits A, B, C, D, E and G reflect events which occurred during the federal investigation, attest to DeRose's involvement as counsel in difficult civil rights and securities fraud cases and reveal his involvement in civic activities. Exhibit F provides additional information regarding the federal investigation.[3]

The People stipulated that DeRose freely and fully cooperated with the Office of Attorney Regulation Counsel during the disciplinary investigation.

## II. CONCLUSIONS OF LAW

Count I of the Complaint charges respondent with a violation of C.R.C.P. 251.5(b) and Colo. RPC 8.4(b). C.R.C.P. 251.5(b) provides:

Misconduct by an attorney, individually or in concert with others, including the following acts or omissions, shall constitute grounds for discipline, whether or not the act or omission occurred in the course of an attorney-client relationship:

(b) Any act or omission which violates the criminal laws of this state or any other state, or of the United States; provided that conviction thereof in a criminal proceeding shall not be a prerequisite to the institution of disciplinary proceedings, and provided further that acquittal in a criminal proceeding shall not necessarily bar disciplinary action.

██ DeRose admitted his plea of guilty to the crime. DeRose argued, however, that the plea was to the violation of a regulation promulgated pursuant to statute, and that the plea is not a plea to a violation of federal statute and is therefore not proscribed by

---

**3.** Exhibit F is subject to a sealing order issued by the PDJ by virtue of its status within the federal

inquiry.

C.R.C.P. 251.5(b). C.R.C.P. 251.5(b) is not so narrowly limited. The plea entered by DeRose, although premised upon the avoidance of a federal regulation, is to a violation of federal statutes, 31 U.S.C. § 5322(a) (1986), 31 U.S.C. § 5324(a)(3) (1986) and 18 U.S.C. § 2 (1948). Consequently, the plea of guilty falls squarely within the proscriptions of C.R.C.P. 251.5(b).

Consideration of the alleged violation of Colo. 8.4(b) rests on different grounds. Colo. RPC 8.4(b) provides:

> It is professional misconduct for a lawyer to:
>
> (b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects.

■ Not only does Colo. RPC 8.4(b) require proof of a criminal act, it requires proof of the additional requirement that the criminal act so proven "reflect[s] adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects." The language of the rule recognizes that not all criminal acts are proscribed. *People v. Anderson,* No. 99PDJ033 (consolidated with 99PDJ066 and 99PDJ126) (Colo. PDJ July 21, 2000) 29 Colo. Law. 123, 126 (October 2000) 2000 Colo. Discipl. LEXIS 3 (holding that not all convictions of the criminal laws necessarily justify the conclusion that Colo. RPC 8.4(b) has also been violated). Only those acts which by their nature reflect adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer are prohibited.

The federal statute which DeRose admits violating prohibits the structuring of a financial transaction so as to avoid the mandatory financial reporting requirements imposed upon financial institutions. 31 U.S.C. § 5324(a)(3) (1986) provides:

> No person shall for purposes of evading the reporting requirements of section 5313(a) or 5325 or any regulation prescribed under any such section . . .
>
> (3) structure or assist in structuring, or attempt to structure or assist in structuring, any transaction with one or more domestic financial institutions.

■ Any prosecution under that statute requires proof that the defendant knew his conduct was unlawful. *United States v. Dashney,* 52 F.3d 298, 300 (10th Cir.1995); *Ratzlaf v. United States,* 510 U.S. 135, 138, 114 S.Ct. 655, 126 L.Ed.2d 615 (1994). DeRose's plea of guilty established his knowledge that the conduct he engaged in was unlawful. DeRose argued that the United States Supreme Court has acknowledged in *Ratzlaf,* 510 U.S. at 144–147, 114 S.Ct. 655, that a violation of 31 U.S.C. § 5324 is not obviously "evil" or inherently "bad" and, consequently, a conviction under that statutory provision cannot support a finding under Colo. RPC 8.4(b) that such conduct reflects adversely on a lawyer's honesty, trustworthiness or fitness as a lawyer. It was DeRose's aiding and abetting of his client's illegal activities that led to his conviction. By such aiding and abetting, DeRose evidenced a willingness to wrongfully circumvent, if not flout, the mandatory provisions of federal law to benefit his client. DeRose's willingness to engage in such conduct bears directly upon and brings into question his trustworthiness to uphold the law in accordance with his oath as an attorney. DeRose's knowing assistance to his client to structure financial transactions so as to preclude a financial institution from complying with its obligations under controlling federal law reflects adversely upon his trustworthiness as a lawyer. *Cf. People v. Nearen,* 952 P.2d 371, 372 (Colo.1998)(attorney convicted for securities fraud and money laundering); *People v. Frye,* 935 P.2d 10, 11 (Colo.1997)(attorney convicted of conspiracy to commit securities fraud and fraudulent and prohibited practices); *People v. Bullock,* 882 P.2d 1390, 1391 (Colo.1994)(attorney aided client who was a fugitive from justice); *People v. Terborg,* 848 P.2d 346, 347 (Colo.1993)(attorney convicted of bank fraud). DeRose's misconduct violated Colo. RPC 8.4(b).

### III. SANCTION/IMPOSITION OF DISCIPLINE

■ The crime which DeRose committed is a felony. It must, therefore, be considered a serious crime. *See* C.R.C.P. 251.20(d) and C.R.C.P. 251.20(e)(1). The American Bar Association *Standards for Imposing Lawyer*

Sanctions (1991 & Supp.1992) ("ABA *Standards* ") is the guiding authority for selecting the appropriate sanction to impose for lawyer misconduct. ABA *Standard* § 3.0 provides that in determining the appropriate sanction for an attorney who has violated a rule of professional conduct, the court should consider "the duty violated by the lawyer, the lawyer's mental state, the actual or potential injury caused by the lawyer's conduct, and the existence of aggravating or mitigating factors."

ABA *Standard* § 5.11 provides:

5.11 Disbarment is generally appropriate when:

>  (a) a lawyer engages in serious criminal conduct a necessary element of which includes intentional interference with the administration of justice, false swearing, misrepresentation, fraud, extortion, misappropriation, or theft ...
>
>  (b) a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice.

DeRose's misconduct was intentional, involved misrepresentation and deceit, was dishonest, and seriously adversely reflected on his fitness to practice law. The misconduct violated federal statutes specifically enacted to foster the effective administration of justice. ABA *Standard* § 5.11 is directly applicable to DeRose's misconduct and suggests that disbarment is the appropriate sanction to impose.

Colorado law also suggests that disbarment is the required sanction under these circumstances. *See People v. Chappell,* 927 P.2d 829, 831 (Colo.1996)(attorney disbarred for aiding her client in a class five felony when the attorney assisted the client to violate a child custody order by leaving the state with her child); *People v. Terborg,* 848 P.2d 346, 347 (Colo.1993)(attorney disbarred for one count of bank fraud arising from his making lease agreements with government entities and pledging or selling the lease agreements to different financial institutions in order to secure loans for a closely held corporation in which he had an interest);

*People v. Schwartz,* 814 P.2d 793, 794 (Colo.1991)(attorney disbarred for conviction of bankruptcy fraud and conspiracy to commit bankruptcy fraud); *People v. Brown,* 726 P.2d 638, 639 (Colo.1986)(district attorney disbarred for conviction of second-degree forgery, a class four felony; abuse of public records, a class one misdemeanor; and computer crime, a class four felony); *Anderson,* No. 99PDJ033 (Colo. PDJ July 21, 2000) 29 Colo. Law. at 126, 2000 Colo. Discipl. LEXIS 3 (attorney disbarred for committing the felony of taking a vehicle without the owner's consent and forgery).

In arriving at the appropriate discipline to be imposed, the PDJ and Hearing Board must consider aggravating and mitigating factors pursuant to 9.22 and 9.32 respectively. In this case, DeRose fully cooperated with the disciplinary authority, *see id.* at 9.32(e); and he expressed remorse for his misconduct, *see id.* at 9.32(*l* ). However, DeRose has significant prior discipline, *see id.* at 9.22(a), he had a dishonest motive (to conceal transactions he knew should be disclosed), *see id.* at 9.22(b), and he had substantial experience in the practice of law—nearly thirty years at the time of these events, *see id.* at 9.22(i). The mitigating factors present in this case, in light of the significant prior discipline and other aggravating factors, do not rise to the level necessary to deviate from the presumptive sanction of disbarment.

## IV. ORDER

It is ORDERED as follows:

1. JAMES M. DEROSE, registration number 00376 is DISBARRED effective thirty-one days from the date of issuance of this Order. His name shall be stricken from the roll of attorneys licensed to practice law in this state.

2. Respondent is Ordered to pay the costs of these proceedings.

3. The People shall submit a Statement of Costs within ten (10) days of the date of this Order. Respondent shall have

five (5) days thereafter to submit a
response thereto.