**Charles Layton COX, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 23464.**

United States Court of Appeals,
Ninth Circuit.

June 29, 1970.

878

rest or at the time of his initial appearance before a United States Commissioner, that he was "kept wholly and totally incommunicado from the time of arrest until time of confession," and that he was "interrogated 10 hours a day for two consecutive days by Clark County Deputy Sheriffs and F.B.I. agents before [he] finally confessed to what they wanted to hear." Cox also alleged that the indictment against him was defective in several respects. The District Court denied the petition without conducting an evidentiary hearing.

■■■ By entering his plea of guilty, Cox waived any prior procedural irregularities, including whatever defects may have existed in the indictment. He did not allege that his confession was untrue, and, in fact, as can be seen from the quotation above, he did not actually allege that his confession was coerced. Nor did he allege that his plea of guilty was induced by any prior unconstitutional techniques on the part of investigating officers. At the time the plea was entered, the sentencing judge addressed very careful inquiries to Cox and his attorney, and Cox repeatedly assured the court that his plea was entered with a full understanding of his rights and of the possible consequences of his plea and that he had, in fact, committed the offense. *See* Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (May 4, 1970); McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (May 4, 1970).

In his written brief filed in our court, the appellant vaguely suggests that he was not effectively represented by his original attorney. He made no such allegation in the court below, and it appears to us that the attorneys who have assisted Cox have represented him competently and conscientiously.

Affirmed.

John G. Clancy (argued), San Francisco, Cal., Charles Layton Cox, pro se, for appellant.

James A. Hancock (argued), Ass't. U. S. Atty., Bart M. Schouweiler, U. S. Atty., John L. Thorndal, Asst. U. S. Atty., Las Vegas, Nev., for appellee.

Before MADDEN, Judge, United States Court of Claims,* ELY and HUFSTEDLER, Circuit Judges.

PER CURIAM:

Cox filed a petition under 28 U.S.C. § 2255, challenging his conviction in the District Court of having unlawfully transported a stolen vehicle in interstate commerce. 18 U.S.C. § 2312. The judgment of conviction followed a plea of guilty to the charged offense, and Cox was represented by counsel at the time he entered his plea.

In his section 2255 petition, Cox alleged that the warrant for his arrest was defective, that he was not adequately advised of his rights at the time of his ar-

---

* Honorable J. Warren Madden, Senior Judge, United States Court of Claims, San Francisco, California, sitting by designation.