The PEOPLE of the State of Colorado, Complainant,

v.

Bradley Paul VIAR, Attorney–Respondent.

No. 93SA43.

Supreme Court of Colorado, En Banc.

March 22, 1993.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Asst. Disciplinary Counsel, Denver, for complainant.

Bradley Paul Viar, pro se.

PER CURIAM.

This attorney disciplinary case comes to us on a stipulation, agreement, and conditional admission of misconduct. *See* C.R.C.P. 241.18. An inquiry panel of the Supreme Court Grievance Committee approved the stipulation and agreement, and recommended that the respondent be disbarred and assessed the costs of the proceedings. We accept the stipulation and agreement, and the recommendation of the inquiry panel, and order that the respondent be disbarred and be assessed costs.

I

The respondent was admitted to the bar of this court on October 27, 1988, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court and its grievance committee. C.R.C.P. 241.1(b). The respondent was immediately suspended from the practice of law on August 22, 1991, because of the allegations of misconduct which form the basis of this proceeding. C.R.C.P. 241.8. In the stipulation and agreement, the respondent and the assistant disciplinary counsel stipulated to the following facts and violations of the Code of Professional Responsibility:

a. On February 16, 1989, Kathleen Conran received a summons and complaint in Aurora, Arapahoe County, Colorado for Driving under the Influence and Driving under Denial. The summons and complaint was returnable in Division A (Littleton) of the Arapahoe County Courts.

b. Respondent agreed to represent Conran on those charges. Those charges were assigned case number 89T1293.

Respondent entered his appearance on behalf of Conran, accepted a retainer fee and appeared with her on March 17, 1989 at division A–1 of the Arapahoe County Courts. Conran's case, which had been filed with the Arapahoe County Court and assigned case number 89T1293, was continued for pretrial conference. The court file contained the original summons and complaint issued to Conran.

c. On March 17, 1989, after Conran's court appearance, respondent and Kathleen Conran discussed making her ticket and pending case, 89T1293, disappear outside the judicial process and in an illegal manner. Kathleen Conran specifically requested respondent to see if he could make her case and ticket disappear. In response, respondent told Kathleen Conran that he would check into that possibility.

d. After March 17, 1989, but before July 17, 1989, respondent and Kathleen Conran met several times to discuss making her ticket and file disappear. Respondent advised Ms. Conran of the cost to have her ticket "fixed" (made to disappear).

e. Subsequently, respondent facilitated (with the assistance of others), the destruction of Ms. Conran's records contained within the Arapahoe County court system and the Office of the Arapahoe County District Attorney for a fee.

f. No court file or computer file now exists for Kathleen Conran's case. The court file and its contents were taken from the clerk's office, and the computer entries and the computer file were deleted. Records of the Arapahoe County Court Clerk's office reflect that the computer entries on case 89T1293 were deleted between the dates of June 7, 1989 and July 5, 1989.

g. When a court file is created by the clerk's office, a physical file as well as a computer file is created. The clerk's office does not delete computer files or entries on properly opened cases. Physical files are not destroyed until they have been closed for a period of six years.

After six years the files are microfilmed where a permanent record is kept.

On June 18, 1992, the respondent pleaded guilty to one count of bribery, contrary to section 18–8–302, 8B C.R.S. (1986). Bribery is a class 3 felony, § 18–8–302(3), and is a serious crime as defined by C.R.C.P. 241.-16(e). As he has admitted, the respondent's conduct violated DR 1–102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice); and DR 1–102(A)(6) (a lawyer shall not engage in conduct that adversely reflects on the lawyer's fitness to practice law); as well as C.R.C.P. 241.6(3) (misconduct involving any act or omission violating the highest standards of honesty, justice or morality is grounds for discipline); and 241.6(5) (any act or omission violating the criminal laws of a state or of the United States constitutes ground for lawyer discipline).

II

The inquiry panel recommended that the respondent be disbarred for his misconduct, and the respondent has consented to disbarment. Under the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986 & Supp.1992) (ABA *Standards*), in the absence of aggravating or mitigating factors, disbarment is appropriate when:

    (a) a lawyer engages in serious criminal conduct, a necessary element of which includes intentional interference with the administration of justice, false swearing, misrepresentation, fraud, extortion, misappropriation, or theft; ... or

    (b) a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice.

ABA *Standards* 5.11. Disbarment is also warranted when a lawyer "improperly communicates with someone in the legal system other than a witness, judge, or juror with the intent to influence or affect the outcome of [a legal] proceeding, and causes significant or potentially significant inter-ference with the outcome of the legal proceeding." *Id.* at 6.31(c).

The only factor in mitigation is that the respondent has no prior disciplinary record and this factor by itself is insufficient under the circumstances to call for a sanction less than disbarment. *See People v. Brown*, 841 P.2d 1066, 1067 (Colo.1992) (guilty plea to bankruptcy fraud warrants disbarment despite lack of prior disciplinary record); *People v. Schwartz*, 814 P.2d 793, 794 (Colo.1991) (convictions for bankruptcy fraud and conspiracy to commit bankruptcy fraud are convictions for serious crimes under C.R.C.P. 241.16(e), and warrant disbarment even in the absence of a prior disciplinary record). Accordingly, we accept the stipulation, agreement, and conditional admission of misconduct, and the recommendation of the inquiry panel.

III

It is hereby ordered that Bradley Paul Viar be disbarred and that his name be stricken from the list of attorneys authorized to practice before this court, effective immediately upon the issuance of this opinion. It is further ordered that Viar be required to demonstrate prior to any application for readmission that he has paid the costs of this proceeding in the amount of $119.71 to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Dominion Plaza, Denver, Colorado 80202.