**The PEOPLE of the State of Colorado, Complainant,**

v.

**Timothy A. BULLOCK, Attorney–Respondent.**

**No. 94SA299.**

Supreme Court of Colorado, En Banc.

Oct. 24, 1994.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Asst. Disciplinary Counsel, Denver, for complainant.

Craig L. Truman, Denver, for attorney-respondent.

§ 1–40–130(1)(a).

PER CURIAM.

This attorney disciplinary case comes to us on a stipulation, agreement, and conditional admission of misconduct. *See* C.R.C.P. 241.18. In the stipulation, the respondent[1] admitted that disbarment was the appropriate disciplinary sanction. An inquiry panel of the Supreme Court Grievance Committee approved the stipulation and agreement and recommended that the respondent be disbarred and assessed the costs of the proceedings. We accept the stipulation and agreement, and the recommendation of the inquiry panel, and order that the respondent be disbarred and be assessed costs.

I

In the stipulation and agreement, the respondent and the assistant disciplinary counsel stipulated to the following facts:

On June 25, 1992, the respondent's client, a criminal defendant, was found guilty of criminally negligent child abuse, a class 4 felony, and was sentenced to six years in the Department of Corrections. In post-conviction proceedings in which the respondent's former client was represented by another lawyer, the defendant was granted a new trial based on the respondent's ineffectiveness at the first trial. The client accepted a plea bargain, pleaded guilty to the class 4 felony of criminally negligent child abuse, and was sentenced to four years in community corrections at the Alpha Center in Denver.

Between June 14 and June 24, 1993, the client escaped from the Alpha Center. Knowing that the client was an escapee and a fugitive from justice, the respondent aided the client in his escape by arranging to supply the client with money. The respondent was subsequently indicted on three counts of aiding an escape, § 18–8–201(5), 8B C.R.S. (1986), a class 3 felony. Under a plea agreement, the respondent pleaded guilty to, and was convicted of, one count of felony aiding an escape, § 18–8–201(5), and one count of misdemeanor aiding an escape, § 18–8–201(6), a class 1 misdemeanor.

The respondent was convicted of a class 3 felony, a serious crime under C.R.C.P. 241.16(e). Respondent entered into the stipulation prior to sentencing. The actual sentence imposed by the trial court is not a matter of record before us. Nonetheless, respondent has admitted that his conduct violated C.R.C.P. 241.6(5) (any act or omission violating the criminal laws of a state or of the United States constitutes ground for lawyer discipline).

II

The inquiry panel recommended that the respondent be disbarred for his misconduct, and the respondent has consented to disbarment. Under the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards* ), in the absence of aggravating or mitigating factors, disbarment is appropriate when:

(a) a lawyer engages in serious criminal conduct, a necessary element of which includes intentional interference with the administration of justice, false swearing, misrepresentation, fraud, extortion, misappropriation, or theft; ... or

(b) a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice.

ABA *Standards* 5.11. The only mitigating factor is that the respondent has no prior disciplinary record, but this factor by itself is insufficient under the circumstances to call for a sanction less than disbarment. *See People v. Viar*, 848 P.2d 934, 936 (Colo.1993) (conviction of bribery, a class 3 felony, warrants disbarment even though lawyer had no previous discipline); *People v. Brown*, 841 P.2d 1066, 1067 (Colo.1992) (guilty plea to bankruptcy fraud warrants disbarment despite lack of prior disciplinary record); *People v. Schwartz*, 814 P.2d 793, 794 (Colo.1991)

---

1. The respondent was admitted to the bar of this court on May 9, 1991, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court and its grievance committee in these proceedings. C.R.C.P. 241.1(b). The respondent was immediately suspended from the practice of law on May 20, 1994, because of the allegations of misconduct which form the basis of this proceeding. C.R.C.P. 241.8.

(convictions for bankruptcy fraud and conspiracy to commit bankruptcy fraud are convictions for serious crimes under C.R.C.P. 241.16(e), and warrant disbarment even in the absence of a prior disciplinary record). Accordingly, we accept the stipulation, agreement, and conditional admission of misconduct, and the recommendation of the inquiry panel.

### III

It is hereby ordered that Timothy A. Bullock be disbarred and that his name be stricken from the list of attorneys authorized to practice before this court, effective immediately upon the issuance of this opinion. It is further ordered that Timothy A. Bullock pay the costs of this proceeding in the amount of $49.25 to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202, within thirty days after this opinion is issued.