**In the Matter of James DeROSE, Attorney–Respondent.**

**No. 01SA297.**

Supreme Court of Colorado, En Banc.

Sept. 16, 2002.

John S. Gleason, Attorney Regulation Counsel, James S. Sudler, Assistant Regulation Counsel, Denver, Colorado, Attorney for Petitioner.

James M. DeRose, Pro Se, Highlands Ranch, Colorado, Attorney for Attorney Respondent.

Justice HOBBS delivered the Opinion of the Court.

Respondent James M. DeRose appeals the decision and order of the Hearing Board disbarring him. The Hearing Board found that disbarment was an appropriate sanction based upon the finding that DeRose pled guilty to a felony constituting a violation of both C.R.C.P. 251.5(b) and Colo. RPC 8.4(b). We agree with the Hearing Board that disbarment is the appropriate sanction based on the offense and the aggravating circumstances. Accordingly, we affirm the Hearing Board's decision and order.

## I.

Respondent, James M. DeRose, received a license to practice law in Colorado on April 7, 1966. He is subject to the jurisdiction of this court pursuant to C.R.C.P. 251.27.

In 1994, at a financial institution in the District of Colorado, DeRose engaged in eleven separate financial transactions involving the purchase of money orders in the amount of $2,500.00 each. DeRose purchased the money orders with the purpose of evading reporting requirements. DeRose engaged in these transactions on behalf of

one of his clients in order to conceal the transactions from others.

In 1998, DeRose was indicted on a six-count indictment. DeRose pled guilty in the United States District Court for the District of Colorado to a violation of 31 U.S.C. § 5322(a)(1986) and 31 U.S.C. § 5324(a)(3)(1986), including criminal charges of structuring the transactions to evade reporting requirements and aiding and abetting. *See* 18 U.S.C. § 2 (1993). The crime to which DeRose pled guilty is a felony. DeRose was sentenced, and served four months at a federal camp in Englewood, Colorado, paid a $5000.00 fine, and underwent a three-year supervision period.

On July 29, 1999, DeRose reported his conviction to the Grievance Committee. DeRose's letter contains an admission of his conviction.[1] Attorney Regulation Counsel commenced disciplinary proceedings in response to DeRose's conviction, charging that DeRose's conduct was in violation of C.R.C.P. 251.5(b) and Colo. RPC 8.4(b). The Hearing Board found that the conviction violated both C.R.C.P. 251.5(b) and Colo. RPC 8.4(b). It found that the conviction was for a serious crime as defined by C.R.C.P. 251.20(e) and that DeRose's plea of guilty established the requisite knowledge under Colo. RPC 8.4(b). It entered summary judgment against DeRose and a trial was held on the appropriate sanction. DeRose was cooperative during the proceeding and expressed remorse about his conduct. He presented evidence of mitigating circumstances including involvement in a civil rights case for which he received reduced fees, involvement in a complex securities fraud case, and pro bono work for a civic organization. Disciplinary counsel presented evidence of aggravating circumstances, including an order entered by the Colorado Supreme Court in 1997 suspending DeRose for three years for having misused client funds for the benefit of friends and relatives.

The Hearing Board ruled that disbarment was the appropriate sanction. DeRose appealed this decision to us pursuant to C.R.C.P. 251.27(a). We affirm.

## II.

We hold that the sanction of disbarment is appropriate. The Hearing Board's findings of fact are not clearly erroneous based on a review of the record. Further, the sanction of disbarment is not excessive. Considering all the mitigating and aggravating factors, the sanction is reasonable in relation to the conduct.

We uphold the decision of the Hearing Board unless we determine that based on the record, the Hearing Board's findings of fact are clearly erroneous, or the discipline imposed bears no relation to the conduct, is manifestly excessive or insufficient in relation to the needs of the public, or is otherwise unreasonable. C.R.C.P. 251.27(b). We conduct de novo review of the Hearing Board's conclusions of law. *Id.*

### A. Violations of C.R.C.P. 251.5(b) and Colo. RPC 8.4(b)

Attorney Regulation Counsel charged DeRose with violations of C.R.C.P. 251.5(b) and Colo. RPC 8.4(b), and upon summary judgment, the Hearing Board determined DeRose had violated both provisions. C.R.C.P. 251.5(b) provides:

> Misconduct by an attorney, individually or in concert with others, including the following acts or omissions, shall constitute grounds for discipline, whether or not the act or omission occurred in the course of an attorney-client relationship:
>
> . . . .
>
> (b) Any act or omission which violates the criminal laws of this state or any other state, or of the United States; provided that conviction thereof in a criminal proceeding shall not be a prerequisite to the institution of disciplinary proceedings, and provided further that acquittal in a criminal proceeding shall not necessarily bar disciplinary action. . . .

C.R.C.P. 251.5(b).

DeRose pled guilty to violations of 31 U.S.C § 5322(a) (1986) and 31 U.S.C.

---

1. DeRose's letter includes a statement that, "structuring is basically agreeing to deposit less than $10,000 in a bank account in order to avoid the reporting requirements by the bank."

§ 5324(a)(3)(1986). He was charged with and pled guilty to a felony. The Hearing Board correctly disposed of his argument that the plea was only to the violation of a regulation and therefore did not fall under C.R.C.P. 251.5(b). The plea entered was to a violation of federal statutes and therefore falls within C.R.C.P. 251.5(b). Moreover, Colorado Rule of Professional Conduct 8.4(b) provides:

It is professional misconduct for a lawyer to:

(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects.

Colo. RPC 8.4(b).

■ Discipline for violation of Colo. RPC 8.4(b) requires both a criminal act and that the act reflect adversely on a lawyer's honesty, trustworthiness or fitness to practice. The Hearing Board correctly determined that DeRose's knowledge that his actions were illegal and the fact that he aided and abetted his client's illegal activities evidenced a "willingness to wrongfully circumvent, if not flout, the mandatory provisions of a federal law," constituting a violation of Colo. RPC 8.4(b).

■ Furthermore, under Colo. RPC 1.16(a)(1), (b)(1)(B) & (C), a lawyer is required to withdraw from representation of a client when that representation will result in a violation of the Rules of Professional Conduct or the law. If a lawyer must withdraw from representation that will result in an illegality, it certainly follows that the same lawyer may not actually assist his client in breaking the law or aid his client—even in absence of the client's knowledge—by engaging in dishonesty.

DeRose does not appeal the decision on summary judgment that he violated both provisions. He does appeal the sanction of disbarment.

### B. The Sanction of Disbarment

■ After review of the applicable American Bar Association guidelines and Colorado case law, the Hearing Board determined that the appropriate sanction is disbarment of DeRose. We agree.

We affirm the decision of the Hearing Board unless we determine that the form of discipline imposed: "(1) bears no relation to the conduct, (2) is manifestly excessive or insufficient in relation to the needs of the public, or (3) is otherwise unreasonable." C.R.C.P. 251.27(b).

There are three relevant ABA Standards that we consider in determining the appropriate sanction in this case. The Hearing Board considered all three.

ABA Standard 3.0 provides that the court should consider the duty violated; the lawyer's mental state; the potential or actual injury caused by the lawyer's misconduct; and the existence of aggravating or mitigating factors. *Standards for Imposing Lawyer Sanctions* § 3.0 (1991 & Supp.1992) (ABA Standards).

ABA Standard § 5.11 provides:

*Disbarment is generally appropriate when:*

(a) a lawyer engages in serious criminal conduct a necessary element of which includes intentional interference with the administration of justice, false swearing, misrepresentation, fraud, extortion, misappropriation, or theft; ... or an attempt or conspiracy or solicitation of another to commit any of these offenses; or

(b) *a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice.*

*Standards for Imposing Lawyer Sanctions* § 5.11 (1991 & Supp.1992) (ABA Standards) (emphasis added).

ABA Standard § 5.12 provides:

Suspension is generally appropriate when a lawyer knowingly engages in criminal conduct which does not contain elements listed in standard 5.11 and that seriously adversely reflects on the lawyer's fitness to practice law.

*Standards for Imposing Lawyer Sanctions* § 5.12 (1991 & Supp.1992) (ABA Standards).

The crime of structuring and aiding and abetting to which DeRose pled guilty is a felony. Therefore, the crime is a serious crime. C.R.C.P. 251.20(e) (including in the definition of serious crime "any felony").

DeRose intentionally and dishonestly structured transactions to avoid reporting requirements imposed by federal law. An attorney has a special duty to respect, abide by and uphold the law. DeRose's criminal offense adversely reflects on his fitness to practice law.

DeRose argues that his conviction is not sufficient to warrant disbarment because the crime of structuring does not necessarily involve fraud or moral turpitude. Whether or not structuring is a crime involving fraud or moral turpitude under federal law, DeRose's conduct involved dishonesty and deceit which adversely reflects on his fitness to practice law. The Hearing Board rejected his contention that his conduct was innocent and not intentional. Based upon the record, the Hearing Board's finding is not clearly erroneous. DeRose's conduct falls within the standard contained in § 5.11(b). DeRose admitted to the commission of the felony, and his conduct was both intentional and dishonest.

■ We have previously held that conduct constituting a felony and evidencing dishonesty may result in disbarment. This is especially true when the conduct is intentional, involves a dishonest motive, and is coupled with previous discipline. *See People v. Chappell*, 927 P.2d 829, 830–31 (Colo.1996) (previously disciplined attorney disbarred for intentionally aiding a client in the violation of a child custody order amounting to a felony); *People v. Viar*, 848 P.2d 934, 936 (Colo.1993) (attorney disbarred for bribery, a class three felony); *People v. Schwartz*, 814 P.2d 793, 794–95 (Colo.1991) (attorney disbarred for conviction of bankruptcy fraud).

Under other facts and circumstances, we have imposed a lesser sanction. In *In re Elinoff*, 22 P.3d 60 (Colo.2001), we affirmed the suspension of an attorney for three years

for bribery, a class three felony. *Id.* at 64. Distinguishing factors in the case included the fact that the defendant had no record of prior discipline and no dishonest motive. The attorney also made an effort to rectify his conduct, and we agreed with the Hearing Board that reoccurrence of the misconduct was unlikely. *Id.* at 61–62. Conduct constituting a felony may not justify disbarment when the conduct does not fall within the scope of ABA Standard § 5.11 and there is no evidence of prior discipline.[2] *See People v. McPhee*, 728 P.2d 1292, 1294–95 (Colo. 1986) (attorney suspended for three years for cultivation and possession of marijuana, both class four felonies, but neither involving conduct listed in ABA Standard § 5.11).

The Hearing Board properly considered aggravating and mitigating factors as set out in *Standards for Imposing Lawyer Sanctions* §§ 9.22 & 9.32 (1991 & Supp.1992) (ABA Standards). As an aggravating factor, the Hearing Board considered the fact that DeRose has significant prior discipline amounting to a three year suspension as the result of multiple instances of investing client funds for the benefit of friends and relatives. *See id.* at § 9.22(a). The Hearing Board also considered as aggravating factors DeRose's dishonest motive and substantial experience in the practice of law. *See id.* at §§ 9.22(b) & 9.22(i).

■ The Board considered as mitigating factors that DeRose fully cooperated with the disciplinary authority, *see id.* at § 9.32(e) and that he expressed remorse for his misconduct, *see id.* at 9.32(*l*). DeRose has asked us to also consider his work on a difficult civil rights action, a complex securities fraud case and his pro bono involvement with a civic organization. DeRose claims that the Hearing Board failed to give any weight to these activities. The Hearing Board did not mention these activities in their discussion of mitigating factors, but it did include a discussion of the activities in its findings of fact. When the Hearing Board acts as a fact find-

---

2. We decline to follow our conclusion in the *Phelps* case in light of our subsequent decisions, changes in our disciplinary system and our rules prohibiting attorney dishonesty. *People v.*

*Phelps*, 837 P.2d 755, 759 (Colo.1992) (attorney suspended for one year for violation of an equity skimming statute, a felony).

er it has the duty to assess the credibility of the evidence and measure the weight of the evidence. *People v. Haase*, 781 P.2d 80, 84 (Colo.1989). The Hearing Board included these activities in its findings of fact.[3] Therefore, we cannot agree with DeRose that the Hearing Board failed to give them any consideration. Regardless, these activities do not outweigh the offense and the aggravating circumstances that justify disbarment.

 The Hearing Board was also correct in disregarding DeRose's argument that the alleged misconduct of the federal prosecutor during indictment should be a mitigating factor. DeRose pled guilty to the crime charged. A guilty plea waives any prior procedural irregularities, including defects in the indictment process. *See Patton v. People*, 35 P.3d 124, 128 (Colo.2001); *Cox v. U.S.*, 428 F.2d 877, 878 (9th Cir.1970).

The Hearing Board concluded that the mitigating factors did not outweigh the prior discipline and other aggravating factors. We agree. Of particular significance is DeRose's previous three-year suspension for misuse of client funds, demonstrating his prior dishonest and deceitful conduct. DeRose's previous misconduct, dishonest motive and intentional assistance of another in circumventing the very laws which he pledged to uphold support the sanction of disbarment.

Attorneys must adhere to high moral and ethical standards. Truthfulness, honesty, and candor are core values of the legal profession. *In re Pautler*, 47 P.3d 1175, 1178–79 (Colo.2002). Lawyers serve our system of justice as officers of the court, and if lawyers are dishonest, then there is a perception that the system must also be dishonest. *Id.* at 1179. Attorney misconduct perpetuates the public's misperception of the legal profession and breaches the public and professional trust. *Id.* at 1183.

### III.

DeRose had previously committed a dishonest act and been sanctioned by a three year suspension, the most serious sanction next to disbarment. That suspension was for misuse of client funds for the benefit of friends and family. We agree with the Hearing Board that disbarment was the appropriate sanction for DeRose's conduct, considering both the mitigating and aggravating circumstances, based on the record. Accordingly, we affirm the decision and order of the Hearing Board disbarring DeRose and so order.

Justice BENDER does not participate.

---

**3.** "DeRose's exhibits A, B, C, D, E and G reflect events which occurred during the federal investigation, attest to DeRose's involvement as counsel in difficult civil rights and securities fraud cases and reveal his involvement in civic activities."