**The PEOPLE of the State of Colorado, Complainant,**

v.

**Gary L. GUSTAFSON, Respondent.**

**No. 05PDJ021.**

Office of the Presiding Disciplinary Judge of the Supreme Court of Colorado.

Dec. 21, 2005.

## OPINION AND ORDER IMPOSING SANCTIONS

On October 24, 2005, a Hearing Board comprised of William R. Gray and Linda S. Kato, both members of the Bar, and William R. Lucero, the Presiding Disciplinary Judge ("the Court"), conducted a hearing pursuant to C.R.C.P. 251.18. Lisa E. Frankel appeared on behalf of the Office of Attorney Regulation Counsel ("the People") and Michael D. Brown appeared on behalf of Gary L. Gustafson ("Respondent") who also appeared. The Hearing Board issues the following Opinion and Order Imposing Sanctions.

***SANCTION IMPOSED: ATTORNEY DISBARRED***

### I. *ISSUE*

Disbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client. Respondent deposited an $80,000.00 settlement check into his trust account, transferred at least a portion of it to his operating account, and then used the funds for his own purposes. Respondent failed to return the balance of these funds to his client

for nearly two years. Is disbarment the appropriate sanction under these circumstances?

## II. PROCEDURAL HISTORY AND BACKGROUND

The People filed a complaint and alleged that Respondent violated Colo. RPC 8.4(c) (engaged in conduct involving dishonesty, fraud, deceit or misrepresentation); C.R.C.P. 251.5(d) (failed to respond to a request by the Regulation Counsel for information necessary to carry out the performance of Regulation Counsel's duty); Colo. RPC 3.4(c) (knowingly disobeyed an obligation under the rules of a tribunal); and Colo. RPC. 8.1(b) (knowingly failed to respond reasonably to a lawful demand for information from a disciplinary authority). On October 17, 2005, the Court found no genuine issue of material fact and granted the People's Motion for Summary Judgment as it related to Respondent's violations of Colo. RPC 8.4(c) and C.R.C.P. 251.5(d). The Court denied the People's Motion for Summary Judgment as it related to Respondent's alleged violations of Colo. RPC 8.1(b) and Colo. RPC. 3.4(c). On November 2, 2005, the Court granted a Stipulated Motion to Dismiss Complainant's Colo. RPC 8.1(b) and 3.4(c) Claims with Prejudice *nunc pro tunc* October 24, 2005.

The Court found that the undisputed facts demonstrated by clear and convincing evidence that Respondent, as a matter of law, knowingly converted funds, and therefore violated Colo. RPC 8.4(c). The undisputed facts also demonstrated by clear and convincing evidence that Respondent, as a matter of law, failed to respond *without good cause* to requests by the Office of Attorney Regulation Counsel, and therefore violated C.R.C.P. 251.5(d).

The Hearing Board heard evidence regarding both aggravating and mitigating factors, as well as arguments on the appropriate sanction for the rule violations. The People

recommended disbarment and Respondent proposed a lengthy suspension.

## III. FINDINGS OF MATERIAL FACT [1]

Respondent took and subscribed the Oath of Admission and gained admission to the Bar of the Colorado Supreme Court on May 17, 1977. He is registered upon the official records of the Colorado Supreme Court, Attorney Registration Number 07955. Respondent is therefore subject to the jurisdiction of this Court in these disciplinary proceedings pursuant to C.R.C.P. 251.1(b).

Carlene Pratt Sorenson died on May 12, 2002. Ms. Sorenson resided in Arizona at the time of her death. Her estate ("Sorenson Estate") retained the law firm of Hahn Howard & Greene, LLP ("the Hahn firm") to represent the personal representative of the Sorenson Estate. The Hahn firm retained Respondent to create an ancillary estate in Colorado for the purpose of handling two Colorado assets.

Respondent first arranged for the sale of a house located in Cripple Creek, Colorado. The proceeds of this sale went directly to the Sorenson Estate in Arizona. Respondent then negotiated with the other partners in a Colorado General Partnership to sell the Sorenson Estate's interest in the partnership. Respondent eventually negotiated a settlement and received $80,000.00 in exchange for the Sorenson Estate's interest in the partnership. Respondent received the settlement funds in the form of a check made to "Gary L. Gustafson as Attorney for the Estate of Carlene Pratt Sorenson aka Carlene P. Sorenson Deceased" dated October 22, 2003. Respondent did not notify the Hahn firm that he received the settlement funds. Respondent then placed the settlement funds into his trust account, and later transferred at least a portion of the settlement funds from his trust account to his operating account. After he obtained control of these funds, Respondent never sought permission

---

1. The Hearing Board did not make findings of fact with regard to the alleged rule violations because the Court previously granted the People's Motion for Summary Judgment on October 24, 2005. The Court made these findings of fact based on the facts alleged by the People that

went undisputed by Respondent in his response to the motion for summary judgment. The Hearing Board only heard evidence of these facts in the context of aggravating and mitigating factors in order to determine the appropriate sanction for Respondent's misconduct.

from the Hahn firm or the Sorenson Estate before using any of the $80,000.00 for his own purposes.

The Hahn firm attempted to contact Respondent several times in late 2003 to determine the status of the Sorenson Estate's funds. Respondent eventually advised the Hahn firm of difficulties with his client account, but assured the Hahn firm that he would send the settlement funds to the Sorenson Estate during the week of January 21, 2004. However Respondent did not send the funds. In a letter dated April 9, 2004, Respondent acknowledged receipt of the $80,000.00, and claimed entitlement to attorney fees and costs in the amount of $4,456.00. In the same letter, Respondent enclosed a check for $50,000.00, and promised to send the balance within the next thirty days, but again failed to provide the remaining funds.

In May 2004, instead of paying the entire amount owed to his client, Respondent proposed to send another $4,000.00, and execute a promissory note payable to the Sorenson Estate for the remaining $22,144.00. On May 26, 2004, Respondent sent the Hahn firm a check for $4,000.00. Respondent executed a promissory note on June 15, 2004, but failed to pay the promissory note when it came due on December 1, 2004. Respondent owed the Sorenson Estate in excess of $22,000.00, plus interest and late fees until October 14, 2005, when he finally made full restitution.

On February 1, 2005, the People mailed Respondent a letter regarding a Request for Information filed by Robert H. Norris of the Hahn firm. The People mailed this letter to the wrong address. On or about March 4, 2005, the People sent Respondent a letter and reminded him of his duty to respond to the Request for Information. The letter further advised Respondent that failure to cooperate could be grounds for discipline under C.R.C.P. 251.5(d) and could be grounds for an immediate suspension under C.R.C.P. 251.8.6. The People mailed this letter to the correct address.

On February 22, 2005, the Court issued an Order Re: Show Cause C.R.C.P. 251.8(b) and ordered Respondent to show cause in writing within ten days why he should not be immediately suspended from the practice of law pursuant to C.R.C.P. 251.8. The Court mailed its order to the correct address, Respondent received it, did not open it, and failed to respond to the Court's Show Cause order. On March 17, 2005, the Court issued an order and immediately suspended Respondent pursuant to C.R.C.P. 251.8.

## IV. SANCTIONS

The American Bar Association *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) ("ABA *Standards*") and Colorado Supreme Court case law are the guiding authorities for selecting and imposing sanctions for lawyer misconduct. The appropriate sanction depends upon the facts and circumstances of each case. The Hearing Board considered the testimony of each witness and exhibit admitted into evidence.

### Analysis Under the ABA *Standards*

Disbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client. ABA *Standard* 4.11. Disbarment is therefore the presumptive sanction in this case based on Respondent's misconduct. However, in imposing a sanction after a finding of lawyer misconduct, ABA *Standard* 3.0 directs the Hearing Board to first consider the following factors:

(1) the duty violated;

(2) the lawyer's mental state;

(3) the actual or potential injury caused by the misconduct; and

(4) the existence of aggravating or mitigating factors.

### A. THE DUTY VIOLATED

Respondent violated duties to his client, the public, and the legal profession. Respondent owed a duty to deal professionally, honestly, and openly with those who administered the Sorenson Estate. When Respondent converted the settlement funds, he breached those duties. "Attorney misconduct perpetuates the public's misperception of the legal profession and breaches the public and professional

trust." *In re DeRose*, 55 P.3d 126, 131 (Colo.2002) (paraphrasing *In re Pautler*, 47 P.3d 1175, 1178 (Colo.2002)).

## B. THE LAWYER'S MENTAL STATE

According to the ABA *Standards*, "knowledge is the conscious awareness of the nature or attendant circumstances of the conduct but without the conscious objective or purpose to accomplish a particular result." Here, Respondent acted with a conscious awareness when he converted the settlement funds properly belonging to the Sorenson Estate. Respondent also failed to respond without good cause to requests from the Office of Attorney Regulation Counsel

## C. THE ACTUAL OR POTENTIAL INJURY

Respondent's misconduct deprived the Sorenson Estate at least a portion of the settlement funds appropriately belonging to it for nearly two years. Respondent's initial failure to cooperate with the Office of Attorney Regulation Counsel caused injury to the legal profession and the effective administration of justice.

## D. AGGRAVATING AND MITIGATING FACTORS

### 1. MATTERS IN AGGRAVATION, ABA *STANDARD* 9.2

The Hearing Board considered evidence of the following aggravating circumstances in deciding the appropriate sanction to impose. Aggravating circumstances are any considerations, or factors that may justify an increase in the degree of discipline imposed. ABA *Standards* 9.21.

#### Dishonest or Selfish Motive—9.22(b)

The Hearing Board finds Respondent deprived the Sorenson Estate at least a portion of the settlement funds for nearly two years and used the funds to pay business and personal expenses. Although Respondent eventually returned the funds, he failed to do so until just days before this hearing. Such behavior demonstrates a dishonest and selfish motive.

#### Pattern of Misconduct/Multiple Offenses—9.22(c) & (d)

The Hearing Board finds Respondent engaged in a pattern of misconduct. Respondent's trust account statements show a pattern of misconduct when he used Sorenson Estate settlement funds for his own purposes over a period of several months. The Court previously found multiple offenses, C.R.C.P. 251.5(d) and 8.4(c), under the facts of this case.

#### Substantial Experience in the Practice of Law—9.22(i)

Respondent has approximately 28 years of experience as a lawyer, mainly as a real estate and business lawyer, and is (or should be) well aware of his ethical responsibilities and fiduciary duties. The extent of his experience makes Respondent's breach of his responsibilities and duties even more egregious.

#### Indifference to Making Restitution—9.22(j)

Nearly two years after he received the settlement funds, and only days before this hearing, Respondent made full restitution to the Sorenson Estate on October 14, 2005. This represents indifference to making restitution.

### 2. MATTERS IN MITIGATION, ABA *STANDARD* 9.3

The Hearing Board considered evidence of the following mitigating circumstances in deciding what sanction to impose.

#### Absence of a Prior Disciplinary Record—9.32(a)

Respondent has no prior disciplinary record in approximately twenty-eight years of practicing law in the State of Colorado.

#### Timely Good Faith Effort to Make Restitution—9.32(d)

Although late, Respondent ultimately made full restitution to the Sorenson Estate.

#### Character or Reputation—9.32(g)

Respondent presented evidence from James Ignatius, David Conley, and Alvin Born who each testified that Respondent

maintains a good reputation in his community.

**Full and Free Disclosure or Cooperative Attitude—9.32(e)**

The People acknowledge that Respondent cooperated with the Office of Attorney Regulation Counsel since approximately May 23, 2005.

**Remorse—9.32(l )**

Respondent repeatedly testified to how he felt remorse, shame, and "professional embarrassment" about the underlying facts of this case.

### Analysis Under Case Law

In the absence of significant mitigating factors, Colorado Supreme Court case law applying the ABA *Standards* holds disbarment is the presumptive sanction for conversion of client funds. Knowing conversion or misappropriation of client money "consists simply of a lawyer taking a client's money entrusted to him, knowing that it is the client's money and knowing that the client has not authorized the taking." *People v. Varallo*, 913 P.2d 1, 11 (Colo.1996). Neither the lawyer's motive in taking the money, nor the lawyer's intent regarding whether the deprivation is temporary or permanent, are relevant for disciplinary purposes. *Id.* at 10–11.

Despite the presumption of disbarment in conversion cases, the Colorado Supreme Court also stated that significant mitigating factors may overcome the presumption of disbarment. *In re Fischer*, 89 P.3d 817 (Colo.2004). In *Fischer*, the attorney had deviated from a separation agreement disbursement schedule without first obtaining court approval. Mitigating factors included the lack of an attempt to falsify, deceive or conceal the misconduct. In addition, the attorney accepted personal responsibility for all debts subject to the separation agreement and all additional expenses. Finally, the Court believed that, while the attorney admitted knowingly misappropriating third party funds, he thought he was simply attempting to overcome hurdles in liquidating assets and it had not occurred to him that he was violating a court order.

*Fischer* is thus readily distinguishable from cases in which the attorney flagrantly abuses a client's trust by treating client funds as his own. *Id.* at 821.

However, this is not a case in which Respondent acted negligently in handling the Sorenson Estate's settlement funds. Here, Respondent knowingly used the funds for his own purposes and thereby abused his client's trust.

## V. CONCLUSION

Respondent clearly felt remorse for his actions and eventually made full restitution to the Sorenson Estate. Respondent also has a good reputation in his community and has no prior discipline. However, upon consideration of the fiduciary duties violated, the amount misappropriated (approximately $80,000.00), Respondent's knowing mental state, his selfish motive, and his substantial experience in the practice of the law, the Hearing Board finds that disbarment, not suspension, is the appropriate sanction.

Both the ABA *Standards* and Colorado Supreme Court case law support disbarment under the evidence presented in this case. After considering the serious nature of Respondent's misconduct and weighing the mitigating and aggravating factors, the Hearing Board concludes that a lesser sanction would be unduly lenient and would contravene the Hearing Board's duty to protect the public. Misappropriation of client funds almost always calls for disbarment absent extraordinary mitigating factors. Here, no such factors exist.

## VII. ORDER

It is therefore ORDERED:

1. GARY L. GUSTAFSON, Attorney Registration Number 07955, is **DISBARRED** from the practice of law, effective thirty-one (31) days from the date of this Order, and his name shall be stricken from the list of attorneys licensed to practice law in the State of Colorado.

2. GARY L. GUSTAFSON **SHALL** pay the costs of these proceedings. The People shall submit a Statement of Costs within fifteen (15) days from the date of this Order. Respondent shall have ten (10) days thereafter to submit a response.