The PEOPLE of the State of Colorado, Complainant,

v.

Dennis Blaine EVANSON, Respondent.

No. 08PDJ082.

Office of the Presiding Disciplinary Judge of the Supreme Court of Colorado.

Aug. 4, 2009.

## DECISION AND ORDER IMPOSING SANCTIONS PURSUANT TO C.R.C.P. 251.19(c)

On July 21, 2009, the Presiding Disciplinary Judge ("the Court") held a Sanctions Hearing pursuant to C.R.C.P. 251.15(b). Lisa E. Frankel appeared on behalf of the Office of Attorney Regulation Counsel ("the People") and Dennis Blaine Evanson ("Respondent") did not appear nor did counsel appear on his behalf. The Court now issues the following "Decision and Order Imposing Sanctions Pursuant to C.R.C.P. 251.19(c)."

### I. ISSUE

Disbarment is generally appropriate when a lawyer engages in serious criminal conduct that reflects adversely on his honesty, trustworthiness, or fitness as a lawyer in other respects, or engages in any other intentional misconduct involving dishonesty, fraud, deceit, or misrepresentation. A federal jury convicted Respondent of conspiracy to commit tax fraud, tax evasion, and aiding and assisting in the preparation of a false income tax return. What is the appropriate sanction for his misconduct?

SANCTION IMPOSED: ATTORNEY DISBARRED

### II. PROCEDURAL HISTORY

The People filed a Complaint in this matter on August 27, 2008.[1] Respondent there-

---

1. The People also filed a "Petition for Immediate Suspension" the same day. The parties entered

after failed to answer the Complaint and the Court granted a "Motion for Default" on April 3, 2009.[2] Upon the entry of default, the Court deems all facts set forth in the complaint admitted and all rule violations established by clear and convincing evidence.[3]

## III. ESTABLISHED FACTS AND RULE VIOLATIONS

■ The Court hereby adopts and incorporates by reference the factual background of this case fully detailed in the admitted Complaint.[4] Respondent took and subscribed to the Oath of Admission and gained admission to the Bar of the Colorado Supreme Court on July 12, 1991. He is registered upon the official records, Attorney Registration No. 20599, and is therefore subject to the jurisdiction of the Court pursuant to C.R.C.P. 251.1.

On or about November 2, 2005, Respondent was indicted in case number 2–05–CR–00805–TC–DN–1, filed in the United States District Court for the District of Utah, Central Division. Respondent and other defendants had allegedly devised, organized, promoted and sold a scheme, the purpose and effect of which was to defraud the United States of America, by attempting to fraudulently conceal their clients' income from the Internal Revenue Service ("IRS"), by evading the defendants and their clients' income tax liability and by defrauding the federal government in its revenue collecting capacity. In all, the indictment alleged that approximately seventy-five clients throughout the country had purchased and used the defendants' scheme. The indictment alleged that the defendants caused over sixty million dollars in income to be concealed from the IRS, which resulted in a loss to the federal government of at least twenty million dollars.

On or about February 12, 2008, a federal jury found Respondent guilty of counts 1, 2–8, 28–36, and 39–49 of the indictment. Respondent was adjudicated guilty of the following offenses: conspiracy to commit tax fraud in violation of 18 U.S.C. § 371; tax evasion in violation of 26 U.S.C. § 7201; and aiding and assisting in the preparation of a false income tax return in violation of 26 U.S.C. § 7206(2).[5] On or about August 20, 2008, Respondent was sentenced to imprisonment in the custody of the United States Bureau of Prisons for a term of 120 months. He was also ordered to make restitution to the IRS in the amount of $1,324,128.00. As a result of his criminal conduct, Respondent violated Colo. RPC 8.4(b) and C.R.C.P. 251.5(b).

## IV. SANCTIONS

■ The ABA Standards for Imposing Lawyer Sanctions (1991 & Supp. 1992) ("ABA *Standards*") and Colorado Supreme Court case law are the guiding authorities for selecting and imposing sanctions for lawyer misconduct.[6] In imposing a sanction after a finding of lawyer misconduct, the Court must first consider the duty breached, the mental state of the lawyer, the injury or potential injury caused, and the aggravating and mitigating evidence pursuant to ABA *Standard* 3.0.

Respondent's failure to participate in these proceedings leaves the Court with no alternative but to consider only the established facts and rule violations set forth in the complaint in evaluating these factors. The Court first finds that Respondent violated his duty owed

into a stipulation on the issue of immediate suspension, and the Colorado Supreme Court immediately suspended Respondent from the practice of law on October 8, 2008.

2. The Court granted motions for extension of time to file an answer on November 18, 2008 and December 10, 2008. Respondent nevertheless failed to answer the People's Complaint.

3. *See People v. Richards*, 748 P.2d 341, 346 (Colo. 1987).

4. *See* the People's complaint in 08PDJ082 for further detailed findings of fact.

5. *See* the certified copy of the judgment in the criminal case attached to the People's complaint for further detailed findings of fact.

6. *See In re Roose*, 69 P.3d 43, 46–47 (Colo.2003).

to the public.[7]  Respondent specifically violated his fundamental duty to maintain the standards of personal integrity upon which the community relies when he failed to follow federal laws.  The entry of default established that Respondent *knowingly* engaged in this conduct and that he caused actual substantial financial injury to the federal government.

The Court finds that several aggravating factors exist in this case under ABA *Standard 9.22*.  The aggravating factors include: a dishonest or selfish motive; a pattern of misconduct; substantial experience in the practice of law; and illegal conduct.[8]  Due in part to the absence of any contradictory evidence, the Court finds clear and convincing evidence to support each aggravating factor.  Respondent failed to participate in these proceedings and therefore presented no evidence in mitigation.  Nevertheless, the Court finds that Respondent had an absence of a prior disciplinary record and other penalties have been imposed on him through his lengthy federal prison term.[9]

The ABA *Standards* suggest that disbarment is the presumptive sanction for the serious misconduct demonstrated by the admitted facts and rule violations in this case.  Disbarment is generally appropriate when a lawyer knowingly engages in serious criminal conduct, a necessary element of which includes intentional interference with the administration of justice, false swearing, misrepresentation, fraud, extortion, misappropriation, or theft.[10]  In addition, disbarment is generally appropriate when a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice.[11]

Applying the ABA *Standards*, the Colorado Supreme Court has held that disbarment is the presumptive sanction for conviction of one federal felony count of making a false statement on a credit application.[12]  The Colorado Supreme Court has also disbarred an attorney following a bribery conviction.[13]  Finally, the Colorado Supreme Court disbarred an attorney after he pled guilty in federal court to a felony of structuring transactions to evade reporting requirements.[14]  The Court finds that Respondent engaged in serious criminal conduct involving a dishonest motive consistent with these cases and that the mitigating factors are insufficient to deviate from the presumed sanction of disbarment.

## V.  CONCLUSION

One of the primary goals of our disciplinary system is to protect the public from lawyers who pose a danger to them.  The facts established in the complaint reveal the serious danger Respondent poses to the public through his inability to abide by the law.  This adversely reflects on his honesty, trustworthiness, and fitness to practice.  In consideration of the nature of Respondent's misconduct, his mental state, the actual and potential harm he caused, and the absence of sufficient mitigating factors to deviate from the presumed sanction, the Court concludes that the ABA *Standards* and Colorado Supreme Court case law both support disbarment in this case.

## VI.  ORDER

The Court therefore **ORDERS:**

1.  DENNIS BLAINE EVANSON, Attorney Registration No. 20599, is hereby **DISBARRED** from the practice of law and his name shall be stricken from the list of attorneys licensed to practice law in the State of Colorado.  The disbarment **SHALL** become effective thirty-one (31) days from the date of this order

---

7.  *See* ABA *Standard* 5.0.

8.  *See* ABA *Standards* 9.22(b), (c), (i), and (k).

9.  *See* ABA *Standards* 9.32(a) and (k)

10.  *See* ABA *Standard* 5.11(a)

11.  *See* ABA *Standard* 5.11(b)

12.  *See People v. Kiely,* 968 P.2d 110 (Colo.1998)

13.  *See People v. Viar,* 848 P.2d 934 (Colo.1993)

14.  *See In re DeRose,* 55 P.3d 126 (Colo.2002)

in the absence of a stay pending appeal pursuant to C.R.C.P. 251.27(h).

2. Respondent **SHALL** pay the costs of these proceedings. The People shall submit a "Statement of Costs" within fifteen (15) days of the date of this order. Respondent shall have ten (10) days within which to respond.