The PEOPLE of the State of Colorado, Complainant

v.

J. Bryan LARSON, Respondent.

No. 13PDJ031.

Office of the Presiding Disciplinary Judge of the Supreme Court of Colorado.

Oct. 18, 2013.

Following a sanctions hearing, the Presiding Disciplinary Judge disbarred J. Bryan Larson (Attorney Registration Number 31822). The disbarment took effect November 22, 2013.

Larson, without authorization and for his own use and benefit, took more than $20,000.00 from a consumer. On March 12, 2012, Larson pled guilty to one count of class-three felony theft arising from this unauthorized taking. Larson was sentenced to twenty-five years probation with the condition that he obtain full-time employment, submit to substance abuse evaluation and treatment, and pay court costs and restitution of $1,237,259.00. Respondent's conduct constitutes a violation of Colo. RPC 8.4(b) (committing a criminal act reflecting adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer).

## OPINION AND DECISION IMPOSING SANCTIONS PURSUANT TO C.R.C.P. 251.19(c)

On September 24, 2013, the Presiding Disciplinary Judge ("the Court") held a sanc-

tions hearing pursuant to C.R.C.P. 251.15(b). Brooke H. Meyer appeared on behalf of the Office of Attorney Regulation Counsel ("the People"). J. Bryan Larson ("Respondent") did not appear. The Court now issues the following "Opinion and Decision Imposing Sanctions Pursuant to C.R.C.P. 251.19(c)."

## I. SUMMARY

Respondent, without authorization and for his own use and benefit, took more than $20,000.00 from a consumer. On March 12, 2012, Respondent pled guilty to one count of felony theft arising out of this unauthorized taking. Respondent's conduct constitutes a violation of Colo. RPC 8.4(b). Because the Court heard no meaningful evidence in mitigation, the presumptive sanction of disbarment is warranted here.

## II. PROCEDURAL HISTORY

On March 22, 2013, the Colorado Supreme Court issued an order immediately suspending Respondent from the practice of law pursuant to C.R.C.P. 251.8, based upon his conviction of felony theft. Thereafter, on April 16, 2013, the People filed a disciplinary complaint, and on July 10, 2013, after Respondent failed to answer, the Court granted the People's motion for default. Upon the entry of default, the Court deems all facts set forth in the complaint admitted and all rule violations established by clear and convincing evidence.[1] During the sanctions hearing, the Court heard testimony from Robert S. Shapiro and considered the People's exhibits 1–10.[2]

## III. ESTABLISHED FACTS AND RULE VIOLATIONS

The Court hereby adopts and incorporates by reference the factual background of this case as detailed in the admitted complaint.[3] Respondent took the oath of admission and was admitted to the bar of the Colorado Supreme Court on June 27, 2000, under at-

---

1. See People v. Richards, 748 P.2d 341, 346 (Colo. 1987); C.R.C.P. 251.15(b).

2. Although the People's final witness list suggested they would present no witnesses, they later offered the testimony of Robert S. Shapiro, First

Assistant Attorney General for the State of Colorado, who prosecuted Respondent's criminal case. The Court permitted his testimony.

3. See the People's complaint for further detailed findings of fact.

torney registration number 31822.[4] He is thus subject to the Court's jurisdiction in these disciplinary proceedings.[5]

On March 3, 2012, a grand jury indicted Respondent on nine charges of theft and computer crime.[6] The attorney general's office then filed charges against Respondent in *People v. John Bryan Larson and Alicia Larson,* case number 2012CR692, Adams County District Court. On October 5, 2012, Respondent pled guilty to theft of more than $20,000.00, a violation of C.R.S. section 18–4–401(1)(b)(2)(d), a class three felony. And on December 17, 2012, Respondent was sentenced to twenty-five years probation with the condition that he obtain full-time employment, submit to substance abuse evaluation and treatment, and pay court costs and restitution of $1,237,259.00 to Alliant National Trade Insurance Company.

■ Respondent's plea of guilty to felony theft establishes a violation of Colo. RPC 8.4(b), which proscribes lawyers from committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects. Furthermore, by violating Colo. RPC 8.4(b), Respondent breached C.R.C.P. 251.5(b), which prohibits a lawyer from engaging in conduct that contravenes the criminal laws of the State of Colorado.

### IV. *SANCTIONS*

■ The American Bar Association *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) ("ABA *Standards* ") and Colorado Supreme Court case law guide the imposition of sanctions for lawyer misconduct.[7] In imposing a sanction after a finding of lawyer misconduct, the Court must consider the duty violated, the lawyer's mental state, and the actual or potential injury caused by the lawyer's misconduct. These three variables yield a presumptive sanction that may

then be adjusted in consideration of aggravating and mitigating factors.

### ABA *Standard* 3.0—Duty, Mental State, and Injury

■ *Duty:* By committing a felony, Respondent violated his duty to obey the law, a duty that lawyers owe the public. While lawyers are advocates of individual clients and officers of the court, they are also citizens who bear a special responsibility to abide by the law.

■ *Mental State:* The entry of default establishes that Respondent violated C.R.S. section 18–4–401(1)(b)(2)(d), class three felony theft. A necessary element of this crime is that Respondent knowingly obtained or exercised control over a thing of value of another.[8] Accordingly, the Court finds Respondent acted knowingly when he took funds not belonging to him. Indeed, Respondent tendered a written advisement in the criminal court pursuant to Colo. R.Crim. P. 11, admitting he engaged in criminal conduct by knowingly committing felony theft.[9]

■ *Injury:* By exercising control over more than $20,000.00 belonging to another without authorization, Respondent caused potential injury to the victim of his crime. Shapiro testified that Respondent then caused potential injury to other unsuspecting victims when he took money held in their escrow accounts to hide his misconduct. Respondent also harmed the legal profession by discrediting the integrity of lawyers.

### ABA *Standards* 4.0–7.0—Presumptive Sanction

■ The facts established by default demonstrate that Respondent committed a serious felony.[10] When a lawyer engages in serious criminal conduct involving theft or misappropriation, disbarment is the pre-

---

4. Respondent's registered business address is 730 East Bridge, Brighton, Colorado 80601.

5. *See* C.R.C.P. 251.1(b).

6. Ex. 1.

7. *See In re Roose,* 69 P.3d 43, 46–47 (Colo.2003).

8. C.R.S. § 18–4–401(1)(b)(2)(d).

9. Ex. 2; *see also* Ex. 1.

10. A serious crime is any felony or lesser crime that involves misappropriation or theft. C.R.C.P. 251.20(e).

sumptive sanction, as provided by ABA *Standard* 5.11.

## ABA *Standard* 9.0—Aggravating and Mitigating Factors

Aggravating circumstances include any considerations or factors that may justify an increase in the presumptive discipline to be imposed, while mitigating circumstances may justify a reduction in the severity of the sanction.[11] The Court considered evidence of several aggravating circumstances in deciding the appropriate sanction. Because Respondent did not participate in these proceedings, the Court is aware of only one mitigating factor, the imposition of other penalties.

*Prior Disciplinary Offenses—9.22(a):* Respondent was suspended on May 8, 2008, for a period of one year and one day, all but nine months stayed upon the successful completion of a two-year period of probation. In that matter, Respondent admitted he violated Colo. RPC 8.4(c) when he falsely answered a written question in an application before the Colorado Division of Insurance. Specifically, he falsely denied that his insurance coverage had ever been terminated for alleged wrongdoing. On March 27, 2009, Respondent agreed to serve his entire period of suspension, effective June 9, 2008. Respondent has never petitioned for reinstatement.

*Dishonest or Selfish Motive—9.22(b):* The Court finds that Respondent acted with a dishonest motive when he knowingly converted money without authorization. Shapiro testified that Respondent misappropriated money for selfish purposes, thereby enriching himself.

*Bad Faith Obstruction of the Disciplinary Proceeding—9.22(e):* Although the People argue that Respondent failed to report his criminal conviction to them, the Court finds a dearth of evidence supporting that allegation.

While Shapiro testified that he advised Respondent of his responsibility to report his conviction to the People, the People presented no clear and convincing evidence or testimony to demonstrate that Respondent failed to do so or otherwise impeded the proceedings.

*Substantial Experience in the Practice of Law—9.22(i):* Respondent was admitted to the bar in 2000 and is therefore considered an experienced practitioner.

*Imposition of Other Penalties or Sanctions—9.32(k):* Respondent was sentenced to twenty-five years of probation and was ordered to pay restitution. Thus, this mitigating factor applies.

## Analysis Under ABA *Standards* and Colorado Case Law

The Court is aware of the Colorado Supreme Court's directive to exercise discretion in imposing a sanction and to carefully apply aggravating and mitigating factors,[12] mindful that "individual circumstances make extremely problematic any meaningful comparison of discipline ultimately imposed in different cases."[13] Though prior cases are helpful by way of analogy, the Court is charged with determining the appropriate sanction for a lawyer's misconduct on a case-by-case basis.

In this case, ABA *Standard* 5.11 presumptively calls for disbarment when an attorney engages in serious criminal conduct involving theft. Where, as here, there is no substantial evidence of mitigation, disbarment for serious criminal conduct is especially appropriate.

In addition, the overwhelming weight of authority in Colorado calls for disbarment when a lawyer is convicted of a serious crime.[14] Here, the proof of conviction and

---

11. *See* ABA *Standards* 9.21 & 9.31.

12. *See In re Attorney F.,* 285 P.3d 322, 327 (Colo. 2012); *In re Fischer,* 89 P.3d 817, 822 (Colo. 2004) (finding that a hearing board had overemphasized the presumptive sanction and undervalued the importance of mitigating factors in determining the needs of the public).

13. *In re Attorney F.,* 285 P.3d at 327 (quoting *In re Rosen,* 198 P.3d 116, 121 (Colo.2008)).

14. *See In re DeRose,* 55 P.3d 126, 128 (Colo. 2002) (disbarring an attorney who pled guilty to felony aiding and abetting charges); *People v. Nearen,* 952 P.2d 371, 372 (Colo.1998) (disbarring an attorney who pled guilty to two felonies of securities fraud and money laundering); *People v. Kiely,* 968 P.2d 110, 111 (Colo.1998) (dis-

the default establish that Respondent was convicted of a serious crime, and the aggravating factors significantly outweigh the facts in mitigation. Thus, disbarment is warranted.

## V. CONCLUSION

Respondent violated a duty he owed to the public to conduct himself with integrity. By knowingly committing class three felony theft for his personal gain, Respondent abandoned his duty to act with integrity and abide by the laws of the state. When a lawyer commits a serious crime, public respect for the legal system and the rule of law is diminished. After considering the existing aggravating factors, the absence of meaningful mitigating factors, and the seriousness of Respondent's crime, the Court finds disbarment is appropriate.

## VI. ORDER

The Court therefore **ORDERS**:

1. **J. BRYAN LARSON**, attorney registration number 31822, is **DISBARRED.** The **DISBARMENT SHALL** take effect only upon issuance of an "Order and Notice of Disbarment." [15]

2. Respondent **SHALL** promptly comply with C.R.C.P. 251.28(a)-(c), concerning winding up of affairs, notice to parties in pending matters, and notice to parties in litigation.

3. Respondent also **SHALL** file with the Court, within fourteen days of issuance of the "Order and Notice of Disbarment," an affidavit complying with C.R.C.P. 251.28(d).

4. The parties **SHALL** file any post-hearing motion or application for stay pending appeal with the Court **on or before Friday, November 1, 2013.** No extensions of time will be granted. Any response thereto **SHALL** be filed within seven days.

5. Respondent **SHALL** pay the costs of these proceedings. The People **SHALL** file a "Statement of Costs," **within fourteen days of this order.** Respondent may file a response to the People's statement within seven days thereafter.

barring an attorney who pled guilty to the felony of making a false statement on a credit application in violation of 18 U.S.C. section 1014); *People v. Damkar*, 908 P.2d 1113, 1114 (Colo.1996) (disbarring an attorney who pled guilty to a class four felony of attempting to sexually exploit a child); *People v. Goldstein*, 887 P.2d 634, 640 (Colo.1994) (disbarring an attorney who forged a judge's signature, fabricated and forged two legal documents, and knowingly misrepresented material facts to his employer on client matters); *People v. Viar*, 848 P.2d 934, 936 (Colo.1993) (disbarring an attorney who pled guilty to bribery, a class three felony); *People v. Goens*, 803 P.2d 480, 483 (Colo.1990) (disbarring an attorney who forged estate representatives' signatures and converted funds from an estate for his own use); *People v. Brown*, 726 P.2d 638, 639 (Colo. 1986) (disbarring an attorney who was convicted of forgery, a class four felony).

15. In general, an order and notice of sanction will issue thirty-five days after a decision is entered pursuant to C.R.C.P. 251.19(b) or (c). In some instances, the order and notice may issue later than thirty-five days by operation of C.R.C.P. 251.27(h), C.R.C.P. 59, or other applicable rules.